Alex Stanulus, Appellant, v. Ralph Budd et al., as Members of the Chicago Transit Board and Chicago Transit Authority, Appellees.

Gen. No. 46,118.

Opinion filed November 30, 1953. Released for publication March 5, 1954.

McCarthy, Toomey & Reynolds, of Chicago, for appellant; John E. Toomey, and John J. Moran, both of Chicago, of counsel.

Thomas C. Strachan, Jr., Nash, Ahern & McNally, and James E. Hastings, all of Chicago, for appellees; Martin J. McNally, and James E. Hastings, both of Chicago, of counsel.

Mr. Justice Friend delivered the opinion of the court.

Petitioner appeals from an order of the circuit court dismissing his common-law certiorari proceedings challenging his discharge by the Chicago Transit Authority because of falsification in his application for employment.

Petitioner was hired by the Chicago Surface Lines as an apprentice blacksmith or blacksmith's helper February 28, 1946 and assigned to the maintenance division in the west side shop. In October 1947 the Authority purchased the entire public utility system of the Chicago Surface Lines. Petitioner was then classified by the Authority as an apprentice blacksmith and assigned to the maintenance division of the west side shop. On April 9, 1952 he was discharged from his position by the superintendent of the maintenance division for the reason that he untruthfully answered, in his original application for employment with the Chicago Surface Lines, that he had never been arrested.

335

A request to the Authority for a hearing was made. The Chicago Transit Board (the governing and administrative body of the Authority) granted a hearing and fixed the time and place thereof; notice was given, and the hearing was conducted with the petitioner present. He was afforded the opportunity to adduce any evidence he wished. There is no dispute as to the fact that petitioner falsified his application; he admitted doing so.

Section 28 of the Metropolitan Transit Authority Act (Ill. Rev. Stat. 1953, ch. 111⅔, par. 328 [Jones Ill. Stats. Ann. 21.2064(28)]) does not define "cause which is detrimental to the service." In petitioner's brief his counsel concede that his falsification of his employment application may reflect on his truthfulness, honesty and integrity, but they argue that the term should "be construed as requiring that before an employee may be removed from his position he must be found guilty of official misconduct, misfeasance or . . . maladministration in office," and it is argued that the General Assembly must have intended that the Authority be limited in discharging its employees to some valid reason arising out of the nonperformance or improper performance of the employee's duties in contrast to the employee's personal character or fitness to hold his position.

The determination of the Board in the instant case that the falsification by petitioner of his written application for employment is cause detrimental to the service seems neither capricious nor arbitrary; petitioner not only made a false statement in his application which concealed his conviction for a felony, but with the application he submitted a letter signed by his brother in effect stating that petitioner was employed by his brother during a period when he was in fact serving time for his offenses.

336

■ It is fair to conclude that an employer has the right to expect of his employees, regardless of the kind of work performed by them, the qualities of truthfulness, honesty and integrity, and it would follow that the lack of such qualities manifestly would be detrimental to the operation of an employer's business.

■ ■ There was testimony by petitioner before the Board indicating that the investigation was a retaliatory measure instigated by a co-employee who differed with petitioner on the position he took in a jurisdictional dispute. The action of the Board may seem strict, but it was not arbitrary or capricious. The application carried the warning: "I understand that misrepresentation or omission of facts called for on this application is cause for dismissal." Since the Board did not exceed its authority or abuse its discretion, a court cannot substitute its judgment for that of the Board. *Kammann v. City of Chicago*, 222 Ill. 63; *Drury v. Hurley*, 339 Ill. App. 33; and *Joyce v. Board of Education of Chicago*, 325 Ill. App. 543.

■ The statute authorizes discharge for cause detrimental to the service. Since this term is nowhere defined in the Act, we think the construction placed on it by the Board, upon the facts presented in evidence, is reasonable. Therefore the judgment of the circuit court is affirmed.

*Judgment affirmed.*

NIEMEYER, P. J. and BURKE, J., concur.