John R. Price, Plaintiff-Appellee, v. The Civil Service Board of the Metropolitan Sanitary District of Greater Chicago, and Allen S. Lavin, Acting Director of Personnel of the Metropolitan Sanitary District of Greater Chicago, Defendants-Appellants.

Gen. No. 53,079.

First District, Fourth Division.

March 25, 1970.

Allen S. Lavin and Dolphy T. McLaughlin, of Chicago (Fred F. Herzog, of counsel), for appellants.

Richard F. McPartlin, of Chicago, for appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court.

Defendants appeal from an order of the Circuit Court reversing the defendant Board's discharge of plaintiff from his employment with the Sanitary District.

Plaintiff had held the position of Supervisor of Employee Selection, the examination for which had been advertised by the Board's announcement which read, in part, as follows:

> Qualifications:
>
> Nine years of progressively responsible experience in a technical and supervisory capacity in personnel administration including substantial experience and/or training in examination and selection procedures; and graduation from a four-year accredited college course majoring in personnel administration, industrial psychology or related field. Full-time graduate study in pertinent field may be substituted for experience on the basis of one school year of study for one and one-half years of experience. Any equivalent combination of training and experience will be considered.

Plaintiff, who had been working for the District on a contract basis for over three months, filed his application for the position on May 25, 1964. The application, which was under oath, contained the following significant portion relating to plaintiff's education qualifications:

3

DX2

**IMPORTANT** The information which you give regarding your experience and training may be rated as part of your examination and thus effect your final grade. Describe in detail all of your experience which qualifies you in any way for the position for which you are applying. If more space is needed, attach additional sheets.

Give title, number, date of issue and expiration date of any occupational license, registration or certificate you hold.

Encircle highest grade completed

Grammar School 3 4 5 6 7 (8) 9

High School 1 2 3 (4)

| Name and location of grammar or high school last attended | Did you graduate? | Date you left school? |
|---|---|---|
| HARRISON HIGH | Yes ✓ No ___ | Month ___ Year ___ |

| Name of College or University, Business College, Correspondence School, Night School, etc. | | Length of Course (in weeks) | Number of Class hours | Per Cent completed | Major: Minor: Degree conferred | Highest year completed 1 2 (3) 4 5 6 Semester hours credit: | Dates Attended From: To: |
|---|---|---|---|---|---|---|---|
| NAME | SUBJECT | | | | | | |
| NORTHWESTERN UNIV. | PERSONNEL, IND. REL. | 3 YRS. | | 75% | | | |
| A. HAMILTON ADVANCED | | | | | | | |
| MGMT. COURSE | MANAGEMENT | 2 YRS. | | | 1954 | | |

One feature of the application form which bears on this case in a rather fundamental way, is the part at the top marked "Important," which calls the applicant's attention to the fact that the information supplied "may be rated as part of your examination and thus effect your final grade."

In addition to the education data set forth above, the application also contained information as to plaintiff's previous employment with three different employers covering approximately twelve years. Plaintiff was permitted to take the examination, which he passed, and, being first on the eligible list, he was appointed Supervisor of Employee Selection on August 7, 1964.

The instant action arose on November 17, 1966, when Allen Lavin, Acting Director of Personnel of the District, filed charges with the Board alleging violation by plaintiff of the following Rules of the District's Director of Personnel (adopted pursuant to the authority of Ill Rev Stats 1963, c 42, § 323.5):

> 11.041—<u>Causes for Discharge</u>: An employee holding a permanent appointment may be discharged from the service if he is found by the Civil Service Board to:
>
> · · · · · ·
>
> (4) Have violated any of the provisions of the Statute governing the classified service of the District, any official regulation of the Board of Trustees, or of the Civil Service Board, or to have failed to obey any proper order or direction made or given by any superior officer of the District.
>
> · · · · · ·
>
> (6) Have made a false statement of a material fact in an application for employment, or to have violated any provisions of these rules governing examinations or to have been guilty of any con-

duct in the course of an examination which tends to bring the District service into disrepute.

* * * * * *

(9) Have been guilty of any conduct which tends to render his continued employment detrimental to the discipline, efficiency, or reputation of the District's service.

Hearings were held before the Board on November 22, 1966, and other dates at which plaintiff appeared in person and was represented by counsel.

Lavin testified in support of the charges he had filed. He said that on about October 28, 1966, he, a Mr. Forbes McCann and plaintiff were discussing the different job descriptions in the personnel department. Plaintiff was called in because McCann wanted to be sure of the nature of plaintiff's training. Lavin asked plaintiff how much time he had completed at Northwestern, to which plaintiff replied, "Not what it says on the application." Lavin referred to plaintiff's application and asked plaintiff about it. Plaintiff then said that the three years or 75% would have been what he had completed if he had gone through the four-year day school, but that his three years were at night, which was a six-year course.

Lavin testified further that he then asked plaintiff several questions to determine how many hours of college credit he had completed. Plaintiff replied that he had not completed 50% of the curriculum, and narrowed the figure for hours of credit to "somewhere between forty and fifty," mentioning two or three subjects he had taken. The following workday the witness confronted plaintiff with information he had received from Northwestern, which was that plaintiff had completed only a total of six semester hours—two each in three courses. Lavin stated that there was a discrepancy (which he did not then discuss with plaintiff), since

plaintiff had indicated on the application that he had completed 75% of his college curriculum, and had circled the highest year completed as the third. (The Northwestern transcript received in evidence as an exhibit showed completion of the six semester hours and indicated that 120 semester hours were required for graduation.)

Lavin testified that, at the time plaintiff submitted his application to the personnel department, he (Lavin) had no direct capacity with the department, and had not discussed the application with Mr. Kopec, then Director of Personnel. He did not know whether Mr. Kopec had qualified plaintiff to take the examination by virtue of his training and experience, nor did he know what the qualifications were of the other persons who applied for the same position.

Lavin further testified that plaintiff had been given varied assignments while working in the personnel department, including the screening of applicants for civil service examinations and for employment at the District.

Plaintiff testified that in the first part of May, 1964, he had had a conversation with Mr. Kopec, then the Director of Personnel, during which he discussed his education, explaining that he had gone to night school for three semesters. He also mentioned his employment background, and Kopec advised him to file for the position, stating, "With your background and your experience, you should have no problem." He never told Kopec that he had completed or graduated from a four-year college course. It was after this conversation that he applied for the position.

Plaintiff detailed his college education, which conformed with Lavin's earlier testimony as taken from the Northwestern transcript. He admitted that in terms of calendar time spent, he had attended Northwestern

for only one year and three months. He stated that the notation on his application of three years of college completed referred to three semester years, each semester being one year. He didn't know what a semester hour meant. Plaintiff also testified that what he though was meant by the percent completed column, which he filled in as "75%," was that he had taken four courses, three of which he had finished. He had no intention of obtaining credit hours for the purpose of going for a degree. He didn't know how many credit hours he had; therefore, he didn't put any down on the application. He further testified as to his duties while in the employ of the District.

On October 28, 1966, he had a conversation with Mr. McCann and Mr. Lavin and was asked how far he had gone in school. He told them that he didn't remember, and Mr. Lavin "kept throwing questions back and forth." Again, on October 31, 1966, he met with Mr. Lavin, who told him he would be given a chance to resign or charges would be brought against him on account of his having lied on the application as to his academic background. He then cleaned out his desk and told Mr. Lavin to "go ahead and file charges."

After the hearings, the Board found that plaintiff had "made false statements of material facts in his application for employment . . . [which] related to his educational background necessary to meet the minimum requirements set out in the specifications for the position of 'Supervisor of Employee Selection.'" The Board found plaintiff guilty of violating Rules 11.041(4), (6) and (9) as above set out, and ordered him discharged as of December 1, 1966.

The Board's order of discharge was reversed by the Circuit Court and it is from that judgment that this appeal has been taken. Defendant Board contends that: (1) the false statements in plaintiff's application are repugnant to basic morality as well as violative of the

8

rules of the Director of Personnel; and (2) the Board's decision is not against the manifest weight of the evidence, since the record shows cause for plaintiff's discharge. Plaintiff, in his brief, argues chiefly that defendant's first contention is irrelevant, since plaintiff made full disclosure of his educational background to the Director of Personnel prior to taking the examination, and qualified for the position under the "equivalency provision" as stated in the announcement quoted above (citing McCann v. Civil Service Board of Metropolitan Sanitary Dist. of Greater Chicago, 105 Ill App2d 317, 245 NE2d 783). Plaintiff also asserts that the Board's finding does not state precisely what the "false statement of material facts" was, and that the evidence did not establish that the "alleged misstatement was material and necessary to meet the minimum educational requirements."

It can be seen that plaintiff's responses do not make a clear issue of the points raised by defendant, and, in our opinion, plaintiff's primary contention is largely irrelevant.

■■■ We have no doubt that Rule 11.041(6), providing for discharge of an employee who has made a false statement of material fact in his application, is a reasonable rule and within the rule-making authority of the Director. Ill Rev Stats 1967, c 42, § 323.5; People ex rel. Jendrick v. Allman, 396 Ill 35, 40, 71 NE2d 44; People ex rel. Krich v. Hurley, 16 Ill App2d 505, 506, 149 NE2d 109; People ex rel. Heffernan v. Smykal, 13 Ill App2d 342, 347–348, 142 NE2d 133. We are also of the opinion that this rule has extraordinary significance in the instant case inasmuch as the position applied for— that of Supervisor of Employee Selection—involves recruitment and selection for positions in the District's Classified Service.

Plaintiff seeks to give great weight to his own testimony concerning a conversation with Mr. Kopec prior to

making the application. (Mr. Kopec did not testify.) This argument is wide of the mark. Assuming, as we do, that the conversation took place, plaintiff told him either that he had completed his third year at Northwestern or he told him the truth about having completed only six semester hours of the 120 required for graduation. Under the first hypothesis, Mr. Kopec's telling plaintiff to apply for the position could avail plaintiff nothing at this time except to show that he had made false statements concerning his education both orally to the Director, and in writing under oath, thus compounding rather than justifying the untruths in his application. If, on the other hand, he had, as he testified, explained to Mr. Kopec the true extent of his Northwestern education, the advice to proceed with the application could in no wise be considered an authorization to make a gross misstatement under oath as to his education qualifications.

We view plaintiff's argument about the "equivalency provision" in much the same light. The question, as we understand it, is not whether it can now be seen that defendant's experience, together with his actual education, would have been enough to satisfy requirements (we do not decide this "equivalency" issue), but whether the proof before the Board showed that plaintiff had made a false statement of material fact. We believe that the documentary evidence (the application itself and the Northwestern transcript) did establish this fact conclusively, and that the Circuit Court's conclusion to the contrary is not supported by the record. We refer, also, to Lavin's testimony that when he asked plaintiff what his education at Northwestern had been, the latter replied, "Not what it says on the application," but that he did have "somewhere between forty and fifty" hours of credit. While this testimony was inferentially denied by plaintiff, it is not the func-

tion of the Circuit Court to weigh the evidence in a proceeding under the Administrative Review Act. Ill Rev Stats 1963, c 110, § 274. A reversal of the Board's conclusion is permissible only when contrary to the manifest weight of the evidence. Daley v. Jack's Tivoli Liquor Lounge, 118 Ill App2d 264, 254 NE2d 814, 820; and Nechi v. Daley, 40 Ill App2d 326, 335–338, 188 NE2d 243.

While not necessary to our conclusion, we also believe that plaintiff's violation of Paragraph (6) of Rule 11.-041 constituted, in turn, violations of Paragraphs (4) and (9), all of which are quoted above at the beginning of this opinion.

The judgment of the Circuit Court is reversed and the cause is remanded with direction to affirm the order of the Board.

Reversed and remanded with direction.

STAMOS, P. J. and DRUCKER, J., concur.