R. D. ROUNDTREE, Plaintiff-Appellant, *v.* BOARD OF REVIEW, DEPARTMENT OF LABOR *et al.,* Defendants-Appellees.

(No. 55535; )

First District—March 10, 1972.

*Rehearing denied April 4, 1972.*

James Fox and Lorelei Borland, both of Chicago, for appellant.

William J. Scott, Attorney General, of Chicago, (Francis T. Crowe and Samuel E. Hirsch, Assistant Attorneys General, of counsel,) for appellees.

Mr. JUSTICE ENGLISH delivered the opinion of the court:

This action is an appeal from a decision which found plaintiff ineligible for unemployment compensation benefits for a period of six weeks on the ground that plaintiff's falsification of his application for employment as a security guard constituted misconduct in connection with his work.

Ill. Rev. Stat. 1967, ch. 48, par. 432A provides that if an individual who was paid wages for a certain period of time is discharged for misconduct connected with his work, he cannot receive unemployment benefits for the week in which he was discharged and thereafter, until he is no longer unemployed or until six weeks have elapsed from the first day of the first week in which he filed a claim for benefits, whichever occurs first.

· In 1960, plaintiff spent time in prison for a felony conviction. In 1968, he applied for work as a security guard with defendant Wells Fargo Protective Service and indicated on the application that he had never been convicted of a felony. Plaintiff began work on March 27, 1968. During April, May, and June, 1968, Wells Fargo fingerprinted and registered all of its employees, including plaintiff, with the State of Illinois, as required by the Illinois Detective Act, (Ill. Rev. Stat. 1967, ch. 38, par. 201—10b(5) ). In April, 1969, Wells Fargo discharged plaintiff upon receipt of notification from the State that defendant could not qualify for employment by a detective agency under Section 10b(1) of that Act, which provided that no one might be employed by a holder of a certificate of authority of such an agency if he had been convicted of a felony under the laws of Illinois or any other state or of the United States. (Ill. Rev. Stat. 1967, ch. 38, par. 201—10b(1).) Penalties of fine and/or imprisonment are provided by section 201—14 of the same Act both for a holder of a certificate of authority who hires a felon, and for an applicant for employment who falsely represents that he has never been convicted of a felony.

On April 20, 1969, plaintiff filed for unemployment compensation benefits. Three days later, Wells Fargo filed a notice of possible ineligibility challenging plaintiff's claim for benefits. When a deputy of the Division of Unemployment Compensation found that plaintiff was entitled to benefits, Wells Fargo appealed.

On appeal before a referee, the deputy's determination was set aside and the referee found that plaintiff had been discharged for "misconduct connected with his work," thereby rendering him ineligible for benefits from April 20, 1969, through May 31, 1969. On further appeal by plaintiff, the Board of Review confirmed the referee's decision. Plaintiff then filed a complaint in the Circuit Court of Cook County under the Administrative Review Act. (Ill. Rev. Stat. 1967, ch. 110, par. 268.) The Circuit Court confirmed the decision of the Board of Review, and plaintiff now appeals.

The sole issue before us is whether plaintiff's denial of his prior felony conviction in his employment application amounts to "misconduct connected with his work" within the meaning of the statute.

■■ There can be no doubt that the falsification of an employment application is a proper ground for dismissal. In *Price v. Sanitary District of Chicago*, 123 Ill.App.2d 2, 9, 259 N.E.2d 613, 617, the court affirmed the reasonableness of a Civil Service Rule which provided for the dismissal of any employee who made false statements of material facts in his application for employment. The court also found, in *Stanulus v.*

*Budd,* 1 Ill.App.2d 334, 336, 117 N.E.2d 655, 656, that concealment of a felony conviction on an employment application came within the definition of "cause detrimental to service," that term expressing a ground for dismissal under the Metropolitan Transit Act, Ill. Rev. Stat. 1967, ch. 111⅔, par. 328.

In the instant case, the Board of Review, by holding that a false answer to a material question on an employment application is misconduct connected with such employment, expressed its opinion that there is an integral connection between the material data requested on an application for employment and the employment gained therefrom. This connection was demonstrated by plaintiff himself, in his testimony before the Board, when he conceded that, in applying for the security guard job, he answered "No" as to his prior felony conviction because he "figured" he would not get the job if he gave the true answer.

■■ This position taken by the Board of Review has been consistently maintained through the years, and we believe correctly so. In *Board of Review Decision No. 50-BRD-998,* 4 CCH Unemployment Insurance Reporter, 1967, ¶ 1970.27, p. 16, 204, it was held that claimant was discharged for "misconduct connected with his work" because he failed to disclose a previous dismissal by the same employer for unsatisfactory work performance. By deliberately coloring his employment application, claimant committed an act of misconduct harmful to his employer who had hired claimant in reliance on the specific information given in the application form. See also *Board of Review Decision No. 65-BRD-1721,* 4 CCH Unemployment Insurance Reporter, 1967, ¶ 8129, p. 16,609, where the Board of Review found that although the application falsification took place before the employment relationship began, claimant's false statements had affected his employment in a material manner; had clearly gone to the basic consideration of his hiring; and his continued employment, under those circumstances, had constituted repeated acts of misconduct.

In the instant case, plaintiff was aware that Wells Fargo was a detective agency concerned with security, and that he was applying for a position in its guard service. He also knew that his prior felony conviction was information which would have foreclosed his eligibility for employment with the agency.

Plaintiff's misrepresentation went to the heart of his employment contract, the character of which is clearly one of the prime targets of the statute. His continued employment would have constituted misdemeanors by both parties thereto.

We hold, therefore, that plaintiff's denial of his felony conviction on

698

his employment application was misconduct connected with his work, as contemplated by the statute, and that he is ineligible for unemployment compensation benefits for the six-week period in question.

The Circuit Court decision is affirmed.

Judgment affirmed.

LORENZ, P. J., and DRUCKER, J., concur.