NATHANIEL DOTSON, Plaintiff-Appellee, *v.* WILLIAM M. BOWLING, Director, Illinois Department of Labor, *et al.*, Defendants-Appellants.

First District (1st Division)    No. 80-2777

Opinion filed November 23, 1981.

Tyrone C. Fahner, Attorney General, of Chicago (Orisha A. Kulick, Assistant Attorney General, of counsel), for appellants.

Roselynn Don and James A. Walsh, Jr., both of Legal Aid Bureau, of Chicago, for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiff brought this action under the Administrative Review Act. (Ill. Rev. Stat. 1979, ch. 110, par. 264 *et seq.*) Plaintiff sought review of a decision of the Illinois Department of Labor Board of Review, which found he was not qualified for unemployment benefits because his employer, Glenn Eanes, doing business as Glenn's Standard Service, had discharged him for misconduct connected with his work. (Ill. Rev. Stat. 1979, ch. 48, par. 432.) On administrative review, the circuit court reversed the decision of the Department. Defendants have appealed contending (1) plaintiff's conduct was in willful disregard of his employer's

interest and, as such, plaintiff was properly denied benefits for misconduct; (2) plaintiff failed to rebut the employer's testimony that plaintiff was discharged for misconduct; and (3) the decision of the Board of Review was not against the manifest weight of the evidence.

The referee stated at the hearing that the basis of the employer's appeal was that plaintiff lied about his reason for discharge. It was alleged that after plaintiff returned to work he assured the employer that he could handle the equipment and go out and change tires, which is part of his job, and that he did this on numerous occasions after returning to work and never once asked for help, including the day he was fired.

Plaintiff testified at the administrative hearing that he was discharged because he was physically unable to lift a heavy jack and put it on a truck, even though his employer knew he had been home for six weeks with a broken wrist prior thereto. Plaintiff explained to his employer he felt he could not lift the jack he was asked to lift, but his employer told him to either do what he was told or turn in his uniform.

The employer testified that the first time he sent plaintiff to change a flat tire he asked plaintiff if he thought he could do it since he had broken his wrist. Plaintiff assured him he could. The employer recalled that when plaintiff went out on several other occasions he did not say he could not do the work. However, on the day in question he told plaintiff to put the jack on the truck and go change a flat tire, but plaintiff refused even though plaintiff did not ask for help to put the jack on the truck.

Argument then ensued between plaintiff and the employer at the administrative hearing. Plaintiff claimed he was the only black man at work and he was never asked to go out on other types of calls where he did not have to use the jack, like starting a car. The employer responded that plaintiff had not been trained to start cars.

The administrative decision found that plaintiff was off work for six weeks with a broken wrist before his discharge and that he assured his employer of his physical capability to perform the work required of him when he returned to his job. However, plaintiff then refused to place a hydraulic jack onto a truck and was discharged.

The Board of Review found that the term "misconduct" as used in the statutes must be connected with the work, a deliberate act, or an intentional omission of an act on the part of the worker which constitutes a breach of his duties and obligations to his employer. Deferring to the referee's determination of the credibility of the witnesses, the Board of Review concluded that the referee's findings were not against the manifest weight of the evidence, stating:

"Plaintiff testified that after being on workmen's compensation due to a broken wrist, he went back to his job. * * * He tells his employer he can't pick up a certain jack. His employer then orders

him to pick up a jack, and because he doesn't do so, he discharges him."

■■ On administrative review, neither this court nor the circuit court is to reweigh the evidence or the determination of the credibility of the witnesses, which is to be made by the agency. (*Washington v. Civil Service Com.* (1981), 98 Ill. App. 3d 49, 423 N.E.2d 1136.) In this case, we believe the circuit court did redetermine the administrative factual findings. That decision is clear in the regard that the administrative agency believed the testimony of the employer and not that of plaintiff.

■■ As we understand defendants' position, they do not quarrel with the legal proposition set forth by plaintiff, and supported by Idaho decisions, that if the employee's refusal to work is due to a medical disability misconduct has not been established. (See *Mandes v. Employment Security Agency* (1953), 74 Idaho 23, 255 P.2d 1049; *Mata v. Broadmore Homes* (1974), 95 Idaho 873, 522 P.2d 586.) Rather, defendants contend it is the agency's function to assess the credibility of the witnesses. (*Peterson v. Board of Trustees* (1973), 54 Ill. 2d 260, 296 N.E.2d 721.) We agree with defendants that, under the circumstances presented by this record, plaintiff's claim of disability is not supported by the record. Rather, the agency accepted the findings of its hearing officer who believed the testimony of the employer that, despite the fact that plaintiff had several times performed the same work since coming back to work after his wrist injury, he refused to do the work on this occasion, and the employer's testimony which showed that this refusal was not based on any claimed physical disability. Under the circumstances, the decision of the agency is supported by substantial evidence. The circuit court should not have set aside the agency's conclusion that plaintiff was properly denied benefits because his refusal to perform the work, under the circumstances, constituted misconduct under the statute and the decided cases. *Granite City Steel v. Board of Review* (1979), 68 Ill. App. 3d 264, 385 N.E.2d 931; *Roundtree v. Board of Review* (1972), 4 Ill. App. 3d 695, 281 N.E.2d 360.

The judgment of the circuit court of Cook County is therefore reversed.

Judgment reversed.

CAMPBELL, P. J., and McGLOON, J., concur.