ROBERT WINKLMEIER, Plaintiff-Appellee, *v.* THE BOARD OF REVIEW OF THE DEPARTMENT OF LABOR *et al.*, Defendants-Appellants.

Fifth District    No. 82—508

Opinion filed April 26, 1983.

Tyrone C. Fahner, Attorney General, of Springfield (Patricia Rosen, Assistant Attorney General, of counsel), for appellants.

Al J. Pranaitis, of Hoagland, Maucker, Bernard & Almeter, of Alton, for appellee.

JUSTICE KARNS delivered the opinion of the court:

This appeal is taken from the judgment of the circuit court of Madison County reversing a decision by the Board of Review of the Department of Labor denying Robert Winklmeier's claim for unemployment compensation benefits.

Winklmeier, during the period from September 1978 to July 1980, submitted 13 medical insurance claims to his employer, Granite City Steel Company. Each claim was for medical treatment for his wife and on each Winklmeier falsely stated that his wife was unemployed and had no insurance of her own. As a result, Granite City Steel's insurance carrier, Prudential, made payment to those who had rendered medical service to Mrs. Winklmeier. When Granite City Steel learned that Winklmeier's wife was employed and had medical insurance through her employer, Winklmeier was discharged. Subsequently, Winklmeier filed for unemployment compensation benefits with the State of Illinois.

On February 4, 1981, a hearings referee denied Winklmeier's request for benefits, citing section 602(A) of the Unemployment Insurance Act (Ill. Rev. Stat. 1979, ch. 48, par. 432(A)) as the basis for his decision. Section 602(A) provides that an individual is ineligible for benefits, for a prescribed period, when he has been discharged for misconduct connected with his work. (Ill. Rev. Stat. 1979, ch. 48, par. 432(A).) The referee found that Winklmeier had intentionally filed the claims containing the false information and that such conduct could result in higher insurance costs to Granite City Steel and reflected a wilful disregard of the employer's interest. The referee's decision was affirmed by the Board of Review. Winklmeier then filed a complaint in the circuit court pursuant to the Administrative Review Act (Ill. Rev. Stat. 1981, ch. 110, par. 3—101 *et seq.*), seeking review of the board's decision. The court reversed without setting forth the reasons for its decision.

The parties agree that the sole issue for this court to decide is whether Winklmeier's actions constitute "misconduct connected with his work" under section 602(A) (Ill. Rev. Stat. 1979, ch. 48, par. 432(A)). This court will not disturb the referee's finding if it is supported by substantial evidence. *Yadro v. Bowling* (1980), 91 Ill. App. 3d 889, 892, 414 N.E.2d 1244, 1247.

Misconduct, as is relevant here, is a deliberate act which constitutes a breach of an employee's duties and obligations to his employer. (*Dotson v. Bowling* (1981), 102 Ill. App. 3d 340, 430 N.E.2d 44.) It includes a wilful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of the standards of

behavior an employer has a right to expect of his employee and negligence in such a degree or with such recurrence that it manifests an intent to disregard employee responsibilities. (*Granite City Steel Division of National Steel Corp. v. Board of Review* (1979), 68 Ill. App. 3d 264, 385 N.E.2d 931.) It does not include mere insufficiency, ordinary negligence or good faith errors in judgment.

We agree with the referee's findings. It is undisputed that Winklmeier intentionally submitted the false information and his decision to do so was not an isolated incident. A total of 13 claims were filed over a 23-month period. In addition, the practice of filing the false claims could result in substantial financial costs to Granite City Steel. An employer's financial loss is a relevant factor in determining if a claimant should be denied benefits. *Kneisler v. Commonwealth of Pennsylvania Unemployment Compensation Board of Review* (1980), 52 Pa. Commw. 70, 418 A.2d 774.

Finally, we are not persuaded by Winklmeier's argument that the misconduct must have a direct connection with the work being performed. We do not agree with this narrow interpretation of the statutory language. We point out that the meaning of "misconduct connected with his work" can only be determined in light of the specific facts of each case. (*Granite City Steel Division of National Steel Corp. v. Board of Review* (1979), 68 Ill. App. 3d 264, 270, 385 N.E.2d 931, 935.) In the present case, we believe Winklmeier's behavior was contrary to his employer's interests and in total disregard of the standard of behavior expected of an employee. Such behavior constitutes misconduct connected with an employee's work and accordingly, we reverse the judgment of the circuit court.

As a result of our decision that Winklmeier's claim for unemployment compensation benefits must be denied, it is unnecessary to address the remaining issues raised by the parties.

Reversed.

HARRISON, P.J., and JONES, J., concur.