JAMES ROBINSON, Plaintiff-Appellee, *v.* THE DEPARTMENT OF LABOR *et al.*, Defendants-Appellants.

Third District   No. 3—83—0134

Opinion filed November 4, 1983.

Neil F. Hartigan, Attorney General, of Springfield (Kathryn A. Spalding, Assistant Attorney General, of counsel), for appellants.

Daniel L. Blauw, of Prairie State Legal Services, Inc., of Rock Island, for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

The defendant, Illinois Department of Labor, appeals from a judgment awarding the plaintiff, James Robinson, unemployment insurance benefits. We reverse.

The plaintiff was discharged by his employer after missing work for three consecutive days. The plaintiff had requested time off from work on November 5, 1981, in order to handle a personal problem. In making this request, the plaintiff talked to the personnel manager. The personnel employee explained to the plaintiff that a request for time off had to be made to the plaintiff's foreman. There was conflicting evidence as to whether the plaintiff understood this instruction. The plaintiff testified that he did not fully understand this instruction. However, in a statement made in the course of applying for benefits, he stated that he was told to request permission from his foreman.

The same evening, the plaintiff collected his paycheck from the acting foreman. The plaintiff did not ask the acting foreman for permission to be absent. After his three-day absence, the plaintiff was told that his employment had been terminated.

The plaintiff filed an application for benefits on November 17, 1981. The plaintiff's application was denied on all administrative levels by the Department of Labor. The plaintiff then appealed to the circuit court of Rock Island County. The court reversed the decision of the Department and awarded benefits to the plaintiff, concluding that the Department misunderstood the requirements of the collective bargaining agreement between the plaintiff's employer and union. It is from this decision that the defendant Department now appeals.

Section 602 of the Unemployment Insurance Act (Ill. Rev. Stat. 1981, ch. 48, par. 432) provides that an individual is ineligible for benefits (unless he had requalified) if he has been "discharged for misconduct connected with his work." The issue therefore is whether the plaintiff's conduct constituted "misconduct" which would render him ineligible for benefits.

The plaintiff was bound by the collective bargaining agreement between his employer and his union. Article VI, section 3 of the collective bargaining agreement provides, in relevant part:

> "An employee's seniority and his employment with the Company shall be terminated if any of the following occurs:
> * * *
> (c) He is absent from work for three (3) consecutive working days without notifying the Company and without a reasonable excuse therefor acceptable to the Company; ***."

The trial court interpreted this agreement to require that the plaintiff only notify his employer of the forthcoming absence, rather than seek permission for the absence from his foreman. The trial court found that, because the plaintiff had notified the personnel department of his absence, the plaintiff had complied with the collective bargaining agreement and was not guilty of misconduct.

■ We must respectfully disagree with the trial court. "Misconduct in connection with work" was defined by the court in *Granite City Steel Division of National Steel Corp. v. Board of Review of the Department of Labor* (1979), 68 Ill. App. 3d 264, 385 N.E.2d 931, as including a disregard of the standards of behavior which the employer has a right to expect, and a deliberate violation of the employer's rules. It is undisputed that the plaintiff was told by his employer to seek permission for the absence from his foreman. It is also undisputed that the plaintiff did not do so. Further, the plaintiff was aware

of the employer's attendance policy because he had previously been disciplined for being absent. The plaintiff clearly disregarded the standards of behavior which his employer had a right to expect and deliberately violated the employer's rule on obtaining permission for absence from work.

■ The function of a trial court in reviewing an administrative agency's decision is limited to ascertaining whether that decision is against the manifest weight of the evidence. (*Department of Mental Health & Developmental Disabilities v. Civil Service Com.* (1981), 85 Ill. 2d 547, 426 N.E.2d 885.) In the instant case, the manifest weight of the evidence clearly demonstrates that the plaintiff violated the rules and procedures established by the employer in connection with absences from work. The trial court therefore erred in reversing the decision of the defendant Department of Labor.

The judgment of the circuit court of Rock Island is reversed.

Reversed.

STOUDER, P.J., and ALLOY, J., concur.