MARY JACKSON, Plaintiff-Appellee, *v.* THE BOARD OF REVIEW OF THE ILLINOIS DEPARTMENT OF LABOR, Defendant-Appellant (Commonwealth Edison Company, Defendant-Appellant).

First District (1st Division)   No. 83—0987

Opinion filed February 14, 1984.

Neil F. Hartigan, Attorney General, of Springfield (Edward M. Kay, Assistant Attorney General, of counsel), for appellant Board of Review of Illinois Department of Labor.

Legal Assistance Foundation, of Chicago (Timothy Huizenga and Marilyn F. Johnson, of counsel), for appellee.

JUSTICE GOLDBERG delivered the opinion of the court:

The Board of Review of the Department of Labor (defendant) denied the claim of Mary Jackson (plaintiff) for unemployment compensation benefits. The circuit court reversed this decision and allowed compensation to plaintiff. The defendant has appealed.

Plaintiff has been employed as a janitor by Commonwealth Edison Company (employer) since 1966. She was discharged on May 5, 1982, for drinking intoxicating liquor while at work. A hearing was held before a referee on July 28, 1982. Plaintiff appeared *pro se.*

The remarkable fact about this hearing is that the testimony was principally given by a supervisor of industrial relations and a staff assistant for the employer. These people read into the record written statements or reports which had been given to them by various other employees. The substance of these reports is that in October of 1981 plaintiff was placed on probation for drinking on the job. In January of 1982 she was seen sitting at a table with a can of beer in her hand. On February 10, 1982, she was found asleep in a chair with a beer

can on a table. On April 6, 1982, she was found drinking a beer with her lunch. She was verbally warned against drinking on the job. On May 5, 1982, she was found at work with a half of a can of beer and half of a bottle of vodka. Plaintiff was then discharged.

Plaintiff testified that she may have had possession of the cans because she collected used cans for aluminum. Although plaintiff received no written warning, she admitted that she had been verbally warned about drinking beer while at work and she had been discharged for this reason. However, before the referee, plaintiff denied that she was ever seen with vodka and said that she had nothing "but a beer can and some pop cans." Plaintiff had worked for this same employer for 16 years.

■■ There is a serious issue as to the competency of the testimony on behalf of the employer. All of this evidence is undoubtedly pure hearsay. (See *People v. Rogers* (1980), 81 Ill. 2d 571, 577, 411 N.E.2d 223.) It has been repeatedly held that hearsay is "inadmissible in an administrative proceeding." (*Nendza v. Board of Review* (1982), 105 Ill. App. 3d 437, 443, 434 N.E.2d 470; *Spaulding v. Howlett* (1978), 59 Ill. App. 3d 249, 251, 375 N.E.2d 437, and cases there cited.) No objection was made to this hearsay because plaintiff acted *pro se*. However, the testimony given by plaintiff was clear and direct and entirely competent.

We need not be concerned with the hearsay problem because plaintiff conceded she had been warned against drinking beer at lunch, although the warning was verbal rather than written. Also, plaintiff sent a grievance letter to her union stating she was terminated for drinking on the job. At the hearing on appeal to the circuit court, plaintiff frankly told the trial court she had received hospital treatment for the disease of alcoholism after her discharge. The order of the circuit court from which defendant appeals found that plaintiff's conduct "does not constitute 'misconduct' within the meaning of" the pertinent statute "because such use did not adversely impact on plaintiff's employer ***."

■■ Therefore, the issue here is one of law as to whether the violations by plaintiff of the company policy regarding drinking on the job constituted "misconduct connected with [her] work" under section 602(A) of the Unemployment Insurance Act (Ill. Rev. Stat. 1981, ch. 48, par. 432(A)).

Plaintiff argues there was no showing in this case that her conduct harmed the employer in any manner. Therefore she urges that, as a matter of law, there is no "misconduct connected with the work."

Plaintiff cites two decisions of this court:

*Roundtree v. Board of Review* (1972), 4 Ill. App. 3d 695, 281 N.E.2d 360. There, an employee of a detective agency was disqualified from compensation after he falsely represented on his employment application that he had never been convicted of a felony. The court placed significant emphasis on the fact that the employee's misconduct placed the employer at risk of being found guilty of a misdemeanor under a statute prohibiting a detective agency from hiring a convicted felon (see Ill. Rev. Stat. 1967, ch. 38, par. 201—10b(1)). *Roundtree v. Board of Review* (1972), 4 Ill. App. 3d 695, 696-97.

*Granite City Steel Division v. Board of Review* (1979), 68 Ill. App. 3d 264, 385 N.E.2d 931, *appeal denied* (1979), 75 Ill. 2d 590. There, an employee removed a red warning tag from a large piece of machinery and activated the power switch. This misconduct endangered the lives of fellow employees and the property of the employer. Citing *Roundtree,* this court denied compensation. The court held that each case involving " 'misconduct connected with the work' " "must be determined in accordance with the facts involved." 68 Ill. App. 3d 264, 269-70.

The defendant cites two cases:

*Winklmeier v. Board of Review* (1983), 115 Ill. App. 3d 154, 450 N.E.2d 353. There the employee was discharged for having filed with the employer's insurance company 13 false and fraudulent claims for medical treatment for his wife. The court placed significant emphasis upon the potential for substantial monetary loss to the employer resulting from the filing of false claims and denied benefits. (115 Ill. App. 3d 154, 156.) The court stated, "[a]n employer's financial loss is a relevant factor in determining if a claimant should be denied benefits." 115 Ill. App. 3d 154, 156.

*Robinson v. Department of Labor* (1983), 118 Ill. App. 3d 986, 455 N.E.2d 567. There, the employee asked a personnel manager for time off to handle a personal problem. The employee was correctly told this request should be made to the foreman. However, the employee left work for an unexplained absence of three full days. The employee had previously been disciplined for being absent. 118 Ill. App. 3d 986, 987-88.

In our opinion none of these cases is dispositive or governing here. The misconduct of the employee in all four cases (*Roundtree, Granite City, Winklmeier* and *Robinson*) is far more serious and far more deleterious to the interest of the employer than is apparent in the case at bar. It seems to us that *Granite City* is the most useful of these four cases. We refer particularly to the clear statement by the

court there requiring us to determine each case "in accordance with the facts involved." *Granite City Steel Division v. Board of Review* (1979), 68 Ill. App. 3d 264, 270.

In our opinion, the conduct of the employee in the case at bar is far less egregious than in any one of these four cited cases. We do not believe it is productive in this type of case to examine decisions in other jurisdictions. The issue here is simply a question of ascertaining the correct meaning and significance of the statutory language above cited. We stress again, as the careful trial judge pointed out, that we are not dealing here with the right of the employer to discharge. We are dealing simply and only with the meaning of this Illinois statute with reference to payment of unemployment compensation to plaintiff.

The decisive point is the presence here of a strong and specifically expressed public policy. The Unemployment Insurance Act of Illinois, enacted in the interest of the public welfare, speaks out against "Poverty, distress and suffering." (See Ill. Rev. Stat. 1981, ch. 48, par. 300.) The legislature of Illinois expressly stated that unemployment "has become a serious menace to the health, safety, morals and welfare of the people of the State of Illinois." (Ill. Rev. Stat. 1981, ch. 48, par. 300.) The entire purpose of the legislature in enacting this type of legislation and in creating the machinery for unemployment compensation was to safeguard unemployed people from the burden of poverty. It follows necessarily that this statute must be most liberally construed. See *Griffitts Construction Co. v. Department of Labor* (1979), 76 Ill. 2d 99, 104, 390 N.E.2d 333; *Be-Mac Transport Co. v. Grabiec* (1974), 20 Ill. App. 3d 345, 354, 314 N.E.2d 242; *Huggins v. Board of Review* (1973), 10 Ill. App. 3d 140, 143, 294 N.E.2d 32.

Proceeding with this rule of liberal statutory construction, it seems to us that the phrase "misconduct connected with the work" is sufficient to require a demonstration of some harm, or at least some degree of potential harm, to the employer. In the instant case there is no showing of harm or possibility of harm of any kind to the employer resulting from the plaintiff's conduct. Apparently her services as a janitor were properly performed. Thus, we are impelled to conclude that the statute should be so construed as to permit payment of unemployment compensation to plaintiff.

The order appealed from is therefore affirmed.

McGLOON and CAMPBELL, JJ., concur.