MARK T. CLARK, Plaintiff-Appellee, *v.* THE BOARD OF REVIEW OF THE ILLINOIS DEPARTMENT OF LABOR *et al.*, Defendants-Appellants.

First District (2nd Division) No. 83—1396

Opinion filed July 24, 1984.

Neil F. Hartigan, Attorney General, of Springfield (Edward C. Hurley, Assistant Attorney General, of counsel), for appellants.

No brief filed for appellee.

JUSTICE STAMOS delivered the opinion of the court:

The defendant, the Board of Review of the Illinois Department of Labor, denied plaintiff's claim for extended unemployment benefits because defendant determined that plaintiff had failed to conduct "a systematic and sustained work effort" to obtain work during a certain weekly period. Thereafter plaintiff filed a complaint for administrative review. After a hearing on that complaint, the circuit court reversed defendant's determination and found that plaintiff was eligible for extended unemployment benefits.

In this appeal, defendant contends that the decision of the circuit court should be reversed because plaintiff did not satisfy the requirements for extended unemployment benefits and its decision to deny such benefits was supported by substantial evidence.[1]

Plaintiff was employed as a painter-laborer until January 1982. At that time, he was laid off from his position due to lack of work. Subsequently, plaintiff filed a claim for unemployment benefits, which was granted. When the unemployment benefits terminated, plaintiff filed a second claim for extended unemployment benefits.

On July 30, 1982, the claims adjudicator for the Bureau of Employment Security made a determination that plaintiff had failed to conduct a "systematic and sustained" effort to obtain work during the period of July 18, 1982, until July 24, 1982. On August 12, 1982, plaintiff filed a notice of appeal from the claims adjudicator's decision. After a hearing was held on August 29, 1982, the hearing referee affirmed the decision of the claims adjudicator. In doing so, the referee found that plaintiff's search consisted of three telephone calls as well as three in-person contacts during the aforesaid one-week period, and he concluded that this type of search would not establish compliance with the rigorous search-for-work requirements applicable to an extended period.

Plaintiff filed a notice of appeal to defendant. On December 8, 1982, defendant affirmed the decision of the hearing referee. Thereafter, plaintiff filed a complaint for administrative review. During the

---

[1]Plaintiff has not filed a brief in this matter, but we will consider the merits of defendant's contentions. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

hearing on plaintiff's complaint, plaintiff advised the court that during the week in question he called three out-of-town jobs. Two were in Cleveland and one was in Houston, Texas. Plaintiff further stated that he made three telephone contacts with local area firms, which were unsuccessful. After hearing this evidence, the circuit court held that defendant had sought work in the required manner. The court then reversed defendant's decision.

As stated above, defendant contends that the decision of the circuit court should be reversed since plaintiff did not satisfy the requirements for extended unemployment benefits, which require a systematic and sustained work search, and because the administrative decision to deny benefits was supported by substantial evidence. We agree.

 The purpose of the Illinois Unemployment Insurance Act is to provide compensation benefits for an unemployed individual in order to relieve his economic distress which was caused by involuntary unemployment. (*Wadlington v. Mindes* (1970), 45 Ill. 2d 447, 452, 259 N.E.2d 257.) In Illinois, the receipt of unemployment insurance benefits is a conditional right and the burden of proving eligibility before the agency rests with the claimant. (See generally *Yadro v. Bowling* (1980), 91 Ill. App. 3d 889, 893, 414 N.E.2d 1244.) However, in order to be eligible for benefits, claimants must meet certain terms and conditions prescribed by the Act. (See *Wadlington v. Mindes* (1970), 45 Ill. 2d 447, 454.) Section 409(K) of the Act states that an individual who has applied for extended unemployment benefits will be treated as actively engaged in seeking work during any week if (a) the individual has engaged in a systematic and sustained effort to obtain work during such week, and (b) the individual furnishes tangible evidence that he has engaged in such effort during the week. Ill. Rev. Stat. 1983, ch. 48, par. 409(K)(5)(a), (b).

 Plaintiff asserted that he attempted to obtain employment during the week in question by telephoning three potential employers and also by personally going to three businesses. Plaintiff maintained that he was unable to find employment due to a depressed labor market. After having carefully examined the record on appeal, we agree with defendant's determination that such efforts did not constitute a systematic and sustained work search on the part of plaintiff.[2]

---

[2]It was established that in the past plaintiff had telephoned three businesses per week on the average while looking for work. While these actions were sufficient to qualify plaintiff for initial benefits, it is evident that the contacting of three additional firms per week was not enough to warrant the awarding of extended unemployment benefits.

Moreover, pursuant to section 409, an individual must, after failing to find work within his field, make an effort to seek work outside his field. This is due to the more rigorous requirements to qualify for extended unemployment benefits. Although an individual is not required to take an "unsuitable" job, he must relax his personal requirements with respect to the type of hours, rate of pay and travel time to any suitable employment. Suitable work is any work which is within the individual's capabilities, provided that the gross average weekly remuneration payable for the work must exceed the sum of the individual's extended weekly benefit amount. (Ill. Rev. Stat. 1983, ch. 48, par. 409(K)(3)(a).) Accordingly, we feel, if plaintiff was convinced that the painting market was severely depressed and was not going to change in the foreseeable future, he should have made an effort to find employment in another related field which was within his abilities.[3] Plaintiff's failure to try to find any suitable work outside his chosen field is another strong indicator that defendant correctly decided that plaintiff did not make a systematic and sustained work search.

Moreover, we must point out that the referee found that plaintiff did not properly substantiate his work search. Plaintiff failed to provide such information at the hearing before defendant. Because of this, defendant was unable to verify plaintiff's alleged employment contacts. It is apparent to us, therefore, that plaintiff did not sustain his burden of proof and his statements in the circuit court are not properly considered as evidence in this type of proceeding.

It is well established that an administrative review of an agency's decision is limited to consideration of the record on appeal to determine whether the action of the agency is supported by the evidence in that record. (See generally *Odell v. Village of Hoffman Estates* (1982), 110 Ill. App. 3d 974, 979, 443 N.E.2d 247.) A court of review may not reweigh the evidence and substitute its determination of the credibility of the witnesses for that of the agency. (See *Dotson v. Bowling* (1981), 102 Ill. App. 3d 340, 342, 430 N.E.2d 44.) Accordingly, a court of review may not substitute its own judgment for the defendant's finding unless there is a lack of substantial evidence in the record to support that finding. See *Dotson v. Bowling* (1981), 102 Ill. App. 3d 340, 430 N.E.2d 44.

As indicated above, a thorough hearing by the defendant deter-

---

[3]Plaintiff merely maintained that he had contacted his father, who worked for a Wisconsin construction firm, and that his father had indicated that he would look for a job with that firm for plaintiff.

mined that plaintiff had failed to comply with the more rigorous requirements to be eligible for the extended unemployment benefits. For this reason, we feel that defendant's findings were supported by the evidence. We must conclude that the circuit court erred in reversing defendant's decision that plaintiff was ineligible for extended unemployment benefits.

The order of the circuit court of Cook County, reversing defendant's decision that plaintiff was ineligible for extended unemployment benefits, is therefore reversed.

Reversed.

HARTMAN, P.J., and DOWNING, J., concur.