(No. 50579.—

STERLING STEEL CASTING COMPANY, Appellant, v. THE INDUSTRIAL COMMISSION *et al.*—(George W. Godare, Appellee.)

*Opinion filed January 12, 1979.*

William L. Rogers, of Keefe & De Pauli, P.C., of East St. Louis, for appellant.

C.E. Heiligenstein and Brad L. Badgley, of Belleville, for appellee.

MR. JUSTICE RYAN delivered the opinion of the court:

In July 1975, George W. Godare injured his back while working for Sterling Steel Casting Company. An arbitrator for the Industrial Commission awarded him workmen's compensation for total and permanent disability. The award was affirmed by the Industrial Commission and confirmed by the circuit court of St. Clair County. This appeal to this court by Sterling Steel was taken under Rule 302(a) (58 Ill. 2d R. 302(a)).

Two issues are posed by this appeal: whether the total and permanent disability award is against the manifest weight of the evidence, and whether the claimant's proof was sufficient to establish that he was not employable. In both areas we find that the circuit court should be affirmed.

On July 10, 1975, Godare felt a sharp pain in his back

as he lifted a 70- to 80-pound flask, but he continued to work until his vacation on July 25. The claimant experienced severe back pain and did not return to work following his vacation until December 15. He worked until January 26, 1976, but has not worked since that date. At the time of the accident, Godare was 53 and had worked 26 years doing heavy manual labor for Sterling Steel.

The claimant has been examined and treated by numerous doctors. On August 8, 1975, he was treated by Dr. Ray Muschany, a chiropractor. He was then referred by Sterling Steel to an osteopath, and on October 8, 1975, he saw Dr. Robert Kuhlman, an orthopedic surgeon. Dr. Kuhlman testified that on October 8 he prescribed a back brace for Godare and diagnosed his condition as a degenerative back disease originating prior to July 10, 1975. The brace was not purchased until April 13, 1976. Godare was also examined by the company doctor, Dr. Dubeck, and by other doctors of his own choosing.

In April 1976, at his attorney's request, Godare was examined by Dr. Lloyd Hill, another orthopedic surgeon. During the evidence deposition, Dr. Hill indicated that Godare suffered from nerve-root damage, and he was, in Dr. Hill's opinion, permanently disabled from doing any work requiring physical labor.

In addition to the medical testimony, there was also testimony introduced before the Industrial Commission concerning Godare's physical activity. A private investigator testified that he had seen Godare performing normal maintenance activities at a neighborhood laundromat. In addition, a neighbor testified that she had seen Godare working in his garden and walking normally. Mrs. Godare, however, testified that she was in charge of maintenance at the laundromat. Her husband had helped on the weekend the investigator saw him because she was changing jobs. She had also been working at a restaurant and on that weekend was starting to work as a nurse's aide. Because

she was working two jobs, her husband occasionally helped with light chores at the laundromat. She also testified that he did no heavy work and did not work at the laundromat on a regular basis. Godare himself testified that he tried to do some work outside but could not work for more than a very short period of time. In addition, he testified that he had constant pain, radiating from his back into his left leg.

It appears that Godare was approached several times to complete a group insurance form for non-work-connected disability benefits. Though he completed it on one occasion, he subsequently refused the coverage because he believed the injury occurred on the job. The form could have been used to claim total disability for accidents occurring outside of work.

This court has often stated that it will not reverse the findings of the Industrial Commission unless they are against the manifest weight of the evidence. (*Ferrin Cooperative Equity Exchange v. Industrial Com.* (1976), 64 Ill. 2d 445, 448-49; *Interlake Steel Corp. v. Industrial Com.* (1975), 60 Ill. 2d 255, 259.) Where conflicting medical evidence is introduced, it is the Commission's responsibility to resolve the dispute, and we will not reverse its finding simply because an opposite inference may be drawn from the testimony. *C.R. Wikel, Inc. v. Industrial Com.* (1977), 69 Ill. 2d 273, 279.

Here, the primary dispute revolves around the finding of total and permanent disability. Such a finding is justified where a claimant's contribution to industry would not be sufficient to justify paying him wages (*Consolidated Freightways, Inc. v. Industrial Com.* (1976), 64 Ill. 2d 312, 320; *Ford Motor Co. v. Industrial Com.* (1934), 355 Ill. 490), and that conclusion is based on "the claimant's injury, the nature of his employment, his age, experience, training and capabilities" (*Consolidated Freightways, Inc. v. Industrial Com.* (1976), 64 Ill. 2d 312, 320). Godare was 53 at the time of this accident, and he had performed

heavy manual labor for at least 26 years. He has been treated for severe back problems, and at least one doctor felt he could never again perform physical labor. Though there is conflicting evidence on Godare's activities around his home, he has not returned to a paying job since January of 1976. It is the duty of the Industrial Commission to resolve disputed issues of fact, and in light of this evidence we cannot say that the finding of the Commission of permanent and total disability is against the manifest weight of the evidence.

The employer contends that the employee, "within his physical limitations," must make an honest effort to seek suitable employment and that Godare made no such effort. The evidence shows that Godare went to his employer and requested light work. He was told to come back after he had obtained the back brace that had been recommended. He did so, and the employer referred him to Dr. Dubeck, the company doctor, who would not release him for work. The employer now seems to be urging some variation of the "odd-lot" category requirement, a term used to refer to those who are employable in only a limited capacity. In such cases, the burden is on the employee to initially prove that his condition is such that he is unable to perform any services for which there is a reasonably stable market. The burden then shifts to the employer to show that some kind of suitable work is regularly and continuously available. (2 A. Larson, Workmen's Compensation, secs. 57.51, 57.61 (1976); *E.R. Moore Co. v. Industrial Com.* (1978), 71 Ill. 2d 353.) Here, the Industrial Commission found that Godare was permanently and totally disabled. It has not been established that he falls within the so called "odd-lot" category, because the evidence does not show that he is employable in any limited or restricted capacity. Assuming that the Industrial Commission resolved the conflicts in the evidence in favor of Godare, the most that has been shown is

that he has been able to perform some light chores requiring a minimum of physical effort for some extremely short periods of time. Such activities include turning switches on and off in the laundromat, removing some snow from the walk in front of the laundromat, and working in his yard and garden. The duration of such activities extended from a few minutes to a half hour. The evidence just does not establish that he is employable in any limited capacity, and the finding by the Industrial Commission that he is totally and permanently disabled is not contrary to the manifest weight of the evidence. It was not necessary, under these circumstances, for the employee to prove that he unsuccessfully attempted to seek other employment.

For the reasons stated, the judgment of the circuit court of St. Clair County is affirmed.

*Judgment affirmed.*