RALPH G. ERICKSON, Plaintiff-Appellant, *v.* OTTAWA TRAVEL CENTER, INC., Defendant-Appellee.

Third District   No. 78-303

Opinion filed March 14, 1979.

Larry Hofreiter, of Ottawa, for appellant.

Paul V. Martin, of Zwanzig, Lanuti & Martin, of Ottawa, for appellee.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

Plaintiff, Ralph Erickson, brought this small claims action against defendant, Ottawa Travel Center, Inc., alleging defendant breached its contract to arrange a Caribbean vacation for plaintiff and his companions. Following a bench trial, the circuit court of La Salle County found for defendant and this appeal followed.

In September of 1976 plaintiff came to defendant's agency seeking a Caribbean vacation. After considering various alternatives, plaintiff selected a cruise aboard the ship *Boheme* scheduled to depart Miami, Florida, on December 18, 1976. The defendant made all the arrangements, including reservations and ticket procurement, for which plaintiff paid the defendant $1,941.89. Defendant originally attempted to book the plaintiff on an Eastern flight from Chicago to Miami, but the flight was filled. It appears space was available on Northwest Orient Airlines flight 2313Y and in late October or early November, defendant booked plaintiff on this flight. Plaintiff inquired as to whether he was required to take this flight and defendant informed him that he was free to make other arrangements for traveling to Miami if he chose to do so. Plaintiff

declined and decided to take flight 2313Y. The itinerary sheet plaintiff received from defendant indicated that flight 2313Y was to leave at 10:30 a.m. and arrive in Miami at 2:13 p.m. Plaintiff also received a jacket for his cruise, which indicated that the boarding time on the *Boheme* was 1 p.m. until 2:30 p.m. and that the sailing time for the *Boheme* was 3:30 p.m. Plaintiff was informed by defendant that if necessary, he could board the *Boheme* at any time up until departure.

Upon arriving at O'Hare field at about 9:30 a.m. on December 18, plaintiff was told that flight 2313Y was going to depart at 12:30 p.m., not 10:30 a.m. as scheduled. Plaintiff called defendant and was told that it did not know anything about the delay. It does not appear in the record whether the departure time for flight 2313Y was rescheduled or whether the plane was simply late departing for Miami.

Plaintiff departed on flight 2313Y at 12:30 p.m. and arrived at 4:15 p.m. Upon arrival, plaintiff was met by a representative of Northwest Airlines who told plaintiff that his ship had already departed, but arrangements had been made for passage on another ship, the *Caribe*. According to plaintiff, he suggested that he be flown to the first port of call of the *Boheme,* but was told by the representative the *Caribe* would meet with the *Boheme* later in the evening. Plaintiff then accepted the alternative passage on the *Caribe*. That evening, plaintiff learned that the *Caribe* would never meet with the *Boheme*. After testifying to a variety of specifics concerning his trip, plaintiff summarized the trip as "a total disaster."

Upon returning, plaintiff contacted defendant and defendant attempted to obtain a refund from the airlines and the cruise lines. The airlines refused because the contract plaintiff had with the airlines excluded consequential damages in the event a flight was late or cancelled. The cruise line was willing to remit only the sum of $135 to defendant, the difference in fares between the *Boheme* and *Caribe*.

During the course of the trial, defendant sought to introduce a letter from Northwest Orient Airlines which stated that flight 2313Y had a scheduled departure time of 10:30 a.m. from Chicago and a scheduled arrival time in Miami, Florida, at 1:13 p.m. Over plaintiff's objection, this letter was admitted into evidence. At the conclusion of the trial, the court declared that defendant had fulfilled its contract by procuring the plane tickets and steamship tickets for defendant and defendant was not an insurer of plaintiff reaching the *Boheme*. The court also held that defendant acted reasonably in scheduling plaintiff's flight on flight 2313Y, but did so believing the plane was scheduled to leave at 10:30 a.m. and arrive in Miami at 1:13 p.m. Plaintiff appeals the trial court's judgment in favor of the defendant.

After the filing of this appeal, plaintiff moved in this court to amend

his complaint to allege negligence as an alternative ground for liability and to raise the addendum from $1,000 to $1,941.89. Defendant filed objections to the proposed amendment and the motion has been taken with the case for consideration. No authorities are cited in support of plaintiff's motion to amend his pleadings. We believe that the plaintiff's motion was not timely, that the proposed amendment does not conform the pleadings to the proof, but in fact inserts new matters into the case and finally, the proposed amendment fails to state a cause of action for negligence. The motion is denied.

The basic thrust of plaintiff's position in claiming damages is that defendant failed to reasonably fulfill its contractual commitments when it scheduled a flight due to arrive in Miami at 2:13 p.m., knowing the time to board the *Boheme* was to end at 2:30 p.m. Plaintiff claims that defendant should have anticipated delays and made allowances for them. Based upon the letter from Northwest Orient Airlines which shows a 1:13 scheduled arrival, defendant argues that it has fulfilled its contractual obligations. Since the time of the scheduled arrival of flight 2313Y is pertinent to plaintiff's claims, we first consider plaintiff's contention it was error to admit the letter from Northwest Orient Airlines. We hold that the letter in question was hearsay and should not have been admitted.

██ The rules regarding hearsay are well known and need no repetition. Suffice it to state, a letter is hearsay as to the truth of its contents and is inadmissible unless within one of the numerous exceptions to the hearsay rule. We find no exception applicable here. Contrary to defendant's arguments, the business record exception does not apply simply because this letter was not made in the usual course of business, but grew out of the difficulties that arose between plaintiff and defendant. The letter in question was written well after plaintiff's flight and cruise had ended and could not have been used by defendant in preparing plaintiff's itinerary. We therefore hold the trial court erred in admitting the letter into evidence.

We turn now to plaintiff's contention that the decision of the trial court was against the manifest weight of the evidence. The trial judge considered the arrival time of flight 2313Y to be 1:13 p.m., apparently based upon the erroneously admitted letter. The only other evidence as to the scheduled arrival of flight 2313Y indicated a 2:13 p.m. arrival time. We must decide whether defendant failed to reasonably fulfill its contractual commitments by arranging a flight with a scheduled arrival time of 2:13 p.m.

██ The unrebutted testimony indicated the plaintiff was informed by defendant that he could board the cruise ship up until its 3:30 departure time, despite the fact that scheduled boarding was to end at 2:30 p.m. If plaintiff's flight had arrived on schedule, plaintiff would still have one and

one quarter hours in which to board the *Boheme* before its departure. Furthermore, at least as of the time plaintiff was booked on flight 2313Y, plaintiff was aware of the time restrictions and could have sought to arrange a schedule which provided more latitude in making connections. Instead, plaintiff accepted the arrangements defendant made for him. Upon arriving in Miami and finding the *Boheme* already gone, plaintiff by his own admission could have flown to meet the Boheme at its first port of call. Instead, he chose to rely on the representations of a Northwest Orient Airlines representative that the *Caribe* would meet the *Boheme* and plaintiff therefore sailed on the *Caribe,* only to discover later he had been misinformed and the two ships would not meet. Upon consideration of the foregoing facts and circumstances, we believe that defendant reasonably discharged its contractual commitments and the trial court did not err in holding for defendant.

■ In seeking to overturn the trial court's decision, plaintiff has relied upon the recent decision in *Rosen v. DePorter-Butterworth Tours, Inc.* (1978), 62 Ill. App. 3d 762, 379 N.E.2d 407. We find *Rosen* to be distinguishable on its facts. In *Rosen,* liability of the travel agency was premised upon the theories that an agent is liable for the defaults of an undisclosed principal and the defendant failed to inform plaintiff about any changes in his itinerary or failed to inquire about such a possibility. Here, no change in itinerary is involved and the failure of Northwest Orient Airlines to adhere to its schedule cannot be imputed to defendant. (See *Simpson v. Compagnie Nationale Air France* (1969), 42 Ill. 2d 496, 248 N.E.2d 117.) The sole issue here relates to the reasonableness of defendant in arranging plaintiff's schedule. As we have previously indicated, we believe that under the present facts, such an issue can only be resolved in defendant's favor.

For the foregoing reasons the judgment of the circuit court of La Salle County is affirmed.

Affirmed.

ALLOY and STENGEL, JJ., concur.