PATRICK FEARON, Plaintiff-Appellant, v. MOBIL JOLIET REFINING CORPORATION *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 82—2329

Opinion filed December 12, 1984.—Rehearing denied March 21, 1985.

2

Leonard M. Ring & Associates, of Chicago (Leonard M. Ring and Judith E. Fors, of counsel), for appellant.

Rooks, Pitts, Fullagar & Poust, of Chicago (Terrence E. Kiwala and Beth L. Beucher, of counsel), for appellees.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff Patrick Fearon brought this Structural Work Act suit in 1973 asking to recover for injuries he sustained following a fall from a scaffold. On May 26, 1977, the trial court granted summary judgment in favor of defendant Mobil Oil Corporation (Mobil). On July 30, 1981, the trial court granted summary judgment in favor of defendant Mobil Joliet Refining Corporation (Mobil Joliet). On August 24, 1982, the trial court denied plaintiff's motions to vacate the summary judgments previously entered. The court also denied plaintiff's motion to

vacate the order denying plaintiff's motion for partial summary judgment. Plaintiff appeals.

Plaintiff was an employee of Fluor Corporation, which had contracted with Mobil to construct a refinery in Joliet. Plaintiff was injured on November 29, 1971, at the Joliet site. In his amended complaint, plaintiff named 12 defendants, including Mobil, Mobil Joliet, and Mobil Research and Development Corporation (Mobil Research). Mobil Research, however, was never served with summons.

In Mobil's motion for summary judgment, Mobil filed affidavits stating that it had assigned all of its contract rights under the Fluor contract to Mobil Joliet prior to plaintiff's injury. Mobil attached a copy of the Fluor contract and the assignment contract, and also referred the court to another case involving an injury at the Joliet site in which Mobil had been granted summary judgment. When the trial court granted Mobil's motion for summary judgment, the order provided that it could be vacated upon a showing that Mobil was materially involved.

Thereafter, Mobil Joliet filed its motion for summary judgment. In support of its motion, Mobil Joliet filed an affidavit by its assistant secretary and controller stating that Mobil Joliet consisted of a board of directors and officers but that it had no employees to supervise the Joliet site. The affidavit also stated that Fluor fully supervised the construction of the refinery and that Mobil Joliet was merely the owner of the property.

Prior to any ruling on Mobil Joliet's motion for summary judgment, the case was dismissed for want of prosecution. After plaintiff refiled the action, Mobil Joliet renewed its motion. Plaintiff filed his own affidavit in opposition, stating that he had seen individuals on the job site wearing white hard hats bearing the Mobil insignia. Plaintiff also asked permission to file depositions of Mobil and Mobil Joliet employees taken in an unrelated case. The court would not allow the filing of the depositions and, on July 30, 1981, granted summary judgment in favor of Mobil Joliet. At the same time, the court denied plaintiff's motion for partial summary judgment, refusing to hold as a matter of law that Mobil Joliet was "in charge of" the work at the Joliet refinery.

In 1982, plaintiff filed a motion for rehearing and a motion to vacate the grant of summary judgment in favor of Mobil. In support of these motions, plaintiff filed a 1974 letter from Mobil's defense counsel to Mobil's insurance company. The letter discussed a possible settlement of an accident at the Joliet refinery and noted the potential liability under the same Fluor contract at issue here. The letter also

stated that the writer had received information that a team of men from the three Mobil companies were supervising the work at the refinery.

The court refused to consider the letter for lack of foundation under Supreme Court Rule 191(a), and denied plaintiff's motions. The court also denied plaintiff's request for an alias summons against Mobil Research, his motion to vacate the denial of partial summary judgment against Mobil Joliet, and his motion to file the previously refused employee depositions.

■■ We initially consider the grants of summary judgments in favor of Mobil and Mobil Joliet. A motion for summary judgment should be granted where there is no genuine issue of material fact. (*Cuthbert v. Stempin* (1979), 78 Ill. App. 3d 562, 396 N.E.2d 1197.) The pleadings, depositions and affidavits are construed strictly against the movant and liberally in favor of the opponent (*Lumbermens Mutual Casualty Co. v. Poths* (1968), 104 Ill. App. 2d 80, 243 N.E.2d 40), and the right of the movant to summary judgment must be clear and free from doubt. (*Cuthbert v. Stempin* (1979), 78 Ill. App. 3d 562.) However, a trial court's grant of summary judgment will not be reversed absent a showing of abuse of its discretion such that plaintiff's right to fundamental justice is violated. *Chandler v. Jet Air Freight, Inc.* (1977), 54 Ill. App. 3d 1005, 370 N.E.2d 95.

As to Mobil Joliet, plaintiff argues that he, and not Mobil Joliet, is entitled to summary judgment because Mobil Joliet was "in charge of" the work at the Joliet site under the provisions of the Illinois Structural Work Act. Ill. Rev. Stat. 1971, ch. 48, par. 60 *et seq.*

■ In order to impose liability under the Act, an owner must be in charge of the particular operation out of which the injury arose. (*Carruthers v. B.C. Christopher & Co.* (1974), 57 Ill. 2d 376, 313 N.E.2d 457; *Gannon v. Chicago, Milwaukee, St. Paul & Pacific Ry. Co.* (1961), 22 Ill. 2d 305, 175 N.E.2d 785.) Mere ownership or the employment of an independent contractor is insufficient. *Larson v. Commonwealth Edison Co.* (1965), 33 Ill. 2d 316, 211 N.E.2d 247.

■■ An owner may be in violation of the Act if he fails to provide a safe area within which the work proceeds. (*Burke v. Illinois Power Co.* (1978), 57 Ill. App. 3d 498, 373 N.E.2d 1354.) Similarly, an owner who retains the right to stop work that is not performed in a safe manner may be found in charge of the work. (*Kjellesvik v. Commonwealth Edison Co.* (1979), 73 Ill. App. 3d 773, 392 N.E.2d 116.) The final determination must rest upon an assessment of the totality of the circumstances. *Norton v. Wilbur Waggoner Equipment Rental & Excavating Co.* (1979), 76 Ill. 2d 481, 394 N.E.2d 403; *McGovern v.*

*Standish* (1976), 65 Ill. 2d 54, 357 N.E.2d 1134.

■■ Plaintiff maintains that the provisions of the Fluor contract imposed a duty on Mobil Joliet to inspect the work site and stop work performed in an unsafe manner. The Fluor contract, however, merely reserves to the owner a right of access to inspect the work and to reject or condemn any part which Mobil Joliet deems to be of inferior or faulty workmanship or not within the contract specifications. This provision is nothing more than the owner's right to assure itself that it is getting the quality of work for which it bargained. (See *Melvin v. Thompson* (1963), 39 Ill. App. 2d 413, 188 N.E.2d 497.) Under the terms of the contract, the duty and burden of supervising the method of work was placed on Fluor. Moreover, the affidavit of J. D. Chipps states that Mobil Joliet had no employees but only a board of directors with financial duties. Apart from the affidavit of plaintiff stating that he saw unidentified men wearing hard hats with the Mobil insignia, plaintiff did not produce any fact of record that anyone from Mobil Joliet exercised any supervisory functions over the construction work. The trial court properly found as a matter of law that Mobil Joliet was not in charge of the work.

Plaintiff's next argument with respect to summary judgment is that Mobil Joliet is barred, by the doctrines of collateral estoppel and *res judicata,* from litigating whether it was in charge of the work. In a prior case, *Mantia v. Mobil Oil,* reported in the Cook County Jury Verdict Reporter and cited by Mobil in support of its motion for summary judgment, Mobil was dismissed from the suit and Mobil Joliet was held liable for injuries sustained by another Fluor employee at the Joliet site. Plaintiff thus maintains that Mobil Joliet is in charge of the work at the Joliet site as a matter of law and that the trial court erred in denying him summary judgment.

■■ The doctrine of *res judicata* provides that a final judgment by a court of competent jurisdiction is an absolute bar to subsequent proceedings between the same parties or their privies to relitigate the same cause of action. (*Spiller v. Continental Tube Co.* (1983), 95 Ill. 2d 423, 447 N.E.2d 834.) Here, plaintiff was not plaintiff or a privy to the plaintiff in the prior case. Therefore, the doctrine of *res judicata* is inapplicable.

■■ Collateral estoppel also operates as an absolute bar in a subsequent action where the same parties or their privies attempt to relitigate identical issues necessarily decided by a court of competent jurisdiction in a prior cause of action. (*Fred Olson Motor Service v. Container Corporation of America* (1980), 81 Ill. App. 3d 825, 401 N.E.2d 1098; *Kramer v. Chicago Title & Trust Co.* (1979), 69 Ill.

App. 3d 1015, 387 N.E.2d 1105.) Collateral estoppel will apply where the issue decided in the prior adjudication is identical to that in the suit in question, a final judgment was rendered on the merits, and the party against whom estoppel is asserted was a party, or is in privity with a party to the prior litigation. (*Fred Olson Motor Service v. Container Corporation of America* (1980), 81 Ill. App. 3d 825, 401 N.E.2d 1098; *Riley v. Unknown Owners* (1975), 25 Ill. App. 3d 895, 324 N.E.2d 78.) The doctrine will only apply where the party against whom it was asserted had a full and fair opportunity to litigate the issue in the prior proceeding, and it will not be applied if an injustice results to that party under the circumstances of the case. (*Fred Olson Motor Service v. Container Corporation of America* (1980), 81 Ill. App. 3d 825, 401 N.E.2d 1098.) Collateral estoppel is most frequently asserted defensively. A plaintiff is barred from litigating an issue he has previously lost against another defendant. Here Mobil Oil asserts that there is no showing that it had a full and fair opportunity to litigate the prior case and that plaintiff's "offensive" use of collateral estoppel is inherently unfair. In *Parklane Hosiery Co. v. Shore* (1979), 439 U.S. 322, 58 L. Ed. 2d 552, 99 S. Ct. 645, the Supreme Court stated that the offensive use of collateral estoppel may be unfair if defendant had little incentive to vigorously defend the prior suit or there are other inconsistent judgments in favor of the defendant. Here it would be unfair to rely on a one-page summary in the Jury Verdict Reporter presented to the court. The trial court's refusal to apply collateral estoppel was correct.

Plaintiff also seeks to impose the decision in the *Mantia* case on the trial court by arguing that Mobil Joliet has admitted liability. Plaintiff relies on the fact that Mobil Joliet's attorneys incorporated the report of the prior case in one of their affidavits.

A statement included in a document filed with the court is binding on the party making it. When the admission is made by an attorney within the scope of his authority, it is binding on the client. (*State Security Insurance Co. v. Linton* (1978), 67 Ill. App. 3d 480, 384 N.E.2d 718.) We agree with plaintiff that Mobil Joliet is bound by the statement that it was found liable in a previous lawsuit involving a previous accident. We refuse, however, to make the inferential leap, which plaintiff urges, that Mobil Joliet admits it was in charge of the work. Mobil Joliet has not admitted its liability.

Plaintiff also argues that he is entitled to summary judgment and that the summary judgment in favor of Mobil should be vacated because Mobil admitted its liability to its insurance company in an opinion letter. The letter was written in 1974 by a member of defense

counsel's law firm. The letter concerned another Structural Work Act case and in it, the attorney stated that the Fluor contract contained "ample contractual language on which the jury [could] hold Mobil Oil Corporation to be in charge of the work ***." The attorney also wrote he had learned from Mr. Ben Burdette that a team of employees from Mobil, Mobil Joliet and Mobil Research was supervising the work being performed at the Joliet site.

On a motion for summary judgment, the facts to be considered by the court are evidentiary facts. (*Carruthers v. B.C. Christopher & Co.* (1974), 57 Ill. 2d 376, 313 N.E.2d 457.) Evidence which is inadmissible at trial is not admissible to support a motion for summary judgment. *Loveland v. City of Lewistown* (1980), 84 Ill. App. 3d 190, 405 N.E.2d 453.

The trial court properly concluded that the standard for facts on a motion to vacate summary judgment is also evidentiary facts. The opinion letter was inadmissible as hearsay (*Erickson v. Ottawa Travel Center, Inc.* (1979), 69 Ill. App. 3d 108, 387 N.E.2d 49), as a privileged communication (*Nieukirk v. Board of Fire & Police Commissioners* (1981), 98 Ill. App. 3d 109, 423 N.E.2d 1259), and as a statement that is a legal conclusion (*Schall v. Forrest* (1977), 51 Ill. App. 3d 613, 366 N.E.2d 1111). There being no evidentiary facts that any employees of Mobil were involved, the court properly denied plaintiff's motion for summary judgment and his motion to vacate the summary judgment granted in favor of Mobil.

Plaintiff also contends that the trial court erred in denying him leave to obtain alias summons against Mobil Research. Service of summons is governed by Supreme Court Rule 103, which requires a plaintiff to exercise reasonable diligence in obtaining service prior to the expiration of the statute of limitations. The burden is on the plaintiff to show that he has been diligent in attempting to serve the defendant. (*Hanna v. Kelly* (1980), 91 Ill. App. 3d 896, 414 N.E.2d 1262.) The standard for determining diligence is an objective one. (91 Ill. App. 3d 896, 414 N.E.2d 1262.) The court will consider a number of factors including the length of time used to obtain service, the activities of the plaintiff, the plaintiff's knowledge of defendant's whereabouts, the ease with which defendant's whereabouts could be ascertained, the actual knowledge of defendant regarding the suit, and the special circumstances which would affect plaintiff's efforts. *Daily v. Hartley* (1979), 77 Ill. App. 3d 697, 396 N.E.2d 586.

On February 28, 1974, service on Mobil Research was attempted but the summons was returned "not found." It was not until 1982, eight years later, that an attempt was made to issue an alias sum-

mons. Plaintiff attempts to excuse himself by noting that Mobil did not disclose in its answers to interrogatories that any entity, other than Fluor, was in charge of the work despite the opinion letter indicating that Mobil, Mobil Joliet and Mobil Research had a team of employees at the site.

■■ Plaintiff's argument fails to overcome a finding that he has not exercised diligence. There has been no showing that plaintiff could not locate Mobil Research or that there was any effort made to locate Mobil Research beyond the first attempt to serve the original summons. Plaintiff has not sustained his burden of proving reasonable diligence, and the trial court properly refused to allow the issuance of alias summons against Mobil Research.

Plaintiff finally contends that the trial court erred in refusing to allow him to file depositions of Mobil and Mobil Joliet in a separate proceeding. Supreme Court Rule 191 sets forth the procedures for affidavits in support of and in opposition to motions for summary judgments and the procedures where necessary affidavits cannot be obtained. The rule provides in pertinent part:

"(b)  When Material Facts Are Not Obtainable by Affidavit. If the affidavit of either party contains a statement that any of the material facts which ought to appear in the affidavit are known only to persons whose affidavits affiant is unable to procure by reason of hostility or otherwise, naming the persons and showing why their affidavits cannot be procured and what affiant believes they would testify to if sworn, with his reasons for his belief, the court may make any order that may be just ***." 87 Ill. 2d R. 191(b).

■■ Although unclear from the record, plaintiff apparently wanted to file these depositions because he could not obtain affidavits from the Mobil employees. Rather than attempt to file the depositions, plaintiff should have complied with the requirements of the rule. (*Wooding v. L & J Press Corp.* (1981), 99 Ill. App. 3d 382, 425 N.E.2d 1055.) The court did not err in denying plaintiff's motion to file the depositions.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

WHITE and O'CONNOR, JJ., concur.