**Oliver J. KENDALL, Plaintiff,**

**v.**

**C.F. INDUSTRIES, INC., a Delaware corporation, Defendant.**

**No. 84 C 2553.**

United States District Court,
N.D. Illinois, E.D.

Jan. 2, 1986.

Celeste E. Kralovec, Foss, Schuman & Drake/Cohen & Bullard, Chicago, Ill., for plaintiff.

Roger L. Taylor, Ronald J. Ciardiello, Kirkland & Ellis, Chicago, Ill., for defendant.

**MEMORANDUM AND ORDER**

MORAN, District Judge.

Both sides in this age discrimination suit have moved for summary judgment. De-

fendant C.F. Industries claims that it fired plaintiff Kendall for misconduct, but the Illinois Department of Labor found otherwise. On C.F. Industries' appeal a state court affirmed an unemployment compensation award to Kendall. Plaintiff's motion now argues that under 28 U.S.C. § 1738, which gives state court judgments the same full faith and credit in federal courts that they have in the courts of the state from which they are taken, that affirmance estops defendant in this suit from offering any evidence of the alleged misconduct as a legitimate nondiscriminatory reason for the discharge. Therefore, plaintiff has a *prima facie* case of discrimination which stands unrebutted. Defendant maintains to the contrary, that the unemployment compensation hearing is irrelevant to an age discrimination suit. C.F. Industries asserts that Kendall has shown no evidence that he was fired because of his age, while it has offered evidence of misconduct, and so summary judgment for defendant is appropriate.

The court finds that Illinois would not apply issue preclusion under these circumstances because of the different standards, evidentiary burdens, and policy goals of the two actions. However, the prior judgment finding no misconduct makes the issue of discriminatory discharge a disputed one. We deny both motions.

## I. BACKGROUND

C.F. Industries recruited plaintiff as their director of corporate office facilities in 1976, when he was 55 years old. His performance was satisfactory, or better, each year, and when C.F. Industries reduced its forces by at least 180 persons in early 1983, Kendall kept his position. Then in July 1983 Kendall was fired. One of the employees under Kendall's direct supervision was also a school board treasurer and had used company time and facilities to work on the school board budget. Such use was a violation of defendant's Code of Corporate Conduct. An anonymous note made plaintiff's superiors aware of the situation and both that employee and plaintiff

were fired. Defendant maintains that Kendall must have known of the violation, and failure to report a code violation is itself a violation. Kendall's position is that he knew that the employee was a school board treasurer, and had been for eight years, but not that he had done school board work on company time. Kendall, 62 years old at the time, was replaced by a 38-year-old.

When Kendall applied for unemployment compensation his application was initially denied because ostensibly he was fired for misconduct. At a hearing before an unemployment referee, however, that denial was reversed. The referee found that Kendall "was discharged not for misconduct connected with the work," and granted him benefits. The Illinois Department of Labor's Review Board adopted that decision. C.F. Industries appealed to the Lake County Circuit Court, but it found the decision "not contrary to the manifest weight of the evidence." *C.F. Industries v. Illinois Department of Labor,* No. 84 MR 148 (Circuit Court of Lake County, Illinois, February 25, 1985).

If that judgment bars defendant from asserting the same argument of misconduct here, then, simply, plaintiff wins. Although the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.,* was not passed as part of the Civil Rights Act of 1964, its substantive provisions are interpreted using case law applicable to Title VII of that Act. *Trans World Airlines, Inc. v. Thurston,* 469 U.S. ——, 105 S.Ct. 613, 83 L.Ed.2d 523 (1985). Absent direct evidence of discrimination, a plaintiff proceeds under the formula of shifting burdens set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Plaintiff first makes out a *prima facie* case which creates a rebuttable presumption of unlawful discrimination. Defendant then has the opportunity to rebut with evidence of a legitimate nondiscriminatory reason for his action. If he does, then plaintiff must show that the alleged reason is a pretext. *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207

(1981); *Parker v. Federal National Mortgage Ass'n,* 741 F.2d 975 (7th Cir.1984). In this action, if C.F. Industries is estopped from offering evidence of Kendall's alleged misconduct, Kendall can establish a *prima facie* case. He was in the protected class of persons 40 to 70, and until the incident he was doing his job well enough to meet his employer's legitimate expectations. If there was no misconduct, then that evaluation of his performance would still apply at the time he was fired. He was nevertheless discharged and he was replaced by someone outside the protected class. *Cf. LaMontagne v. American Convenience Products, Inc.,* 750 F.2d 1405 (7th Cir. 1984). With misconduct unable to serve as defendant's legitimate nondiscriminatory reason, then the presumption of discrimination stands unrebutted and plaintiff carries the judgment. *Burdine,* 450 U.S. at 254, 101 S.Ct. at 1094.

## II. ISSUE PRECLUSION

 The heart of our inquiry, then, is the preclusive effect of the Illinois unemployment compensation proceedings on this suit. Under 28 U.S.C. § 1738 the federal courts, in a suit on a federal statute, must give a state court judgment the same preclusive effect which the courts of the state would give it, unless Congress has expressly or impliedly created an exception for that statute. *Kremer v. Chemical Construction Corp.,* 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982); *Krison v. Nehls,* 767 F.2d 344 (7th Cir.1985). The federal court must apply both the concept of claim preclusion (*res judicata*), *Migra v. Warren City School Dist. Board of Education,* 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984), and of issue preclusion (collateral estoppel), *Allen v. McCurry,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980).[1] Preclusion extends to judgments

which review the decisions of state administrative agencies. In *Kremer,* plaintiff could not pursue a federal employment discrimination suit because he had lost an appeal from a finding of the New York Human Rights Division that his employer had not engaged in unlawful discrimination. 456 U.S. at 466–467, 102 S.Ct. at 1889–1890. However, preclusion does not follow automatically from every state court affirmance of an administrative action. In *Jones v. City of Alton,* a municipal civil service commission decision, affirmed on appeal to state court, had determined that a policeman was fired for misconduct. The Seventh Circuit declined to give that judgment preclusive effect in his employment discrimination suit. 757 F.2d 878 (7th Cir. 1985). *See also Ross v. Communications Satellite Corp.,* 759 F.2d 355 (4th Cir.1985) (state court finding of employee misconduct for unemployment compensation purposes did not preclude his Title VII action for relatiatory discharge). Application of section 1738 requires a careful examination of the preclusion law of the state which issued the judgment. *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. ——, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985); *Jones,* 757 F.2d at 884.

The analysis, therefore, must turn to Illinois law of issue preclusion. In Illinois law, as in the law of former adjudication generally, claim preclusion or "estoppel by judgment" (elsewhere known as *res judicata* proper) operates only in a second action between the same parties on the same claim. Where in the second action either a party or the claim differs from the first, the question is one of issue preclusion, also called collateral estoppel or "estoppel by verdict." *Jones,* 757 F.2d at 879 n. 1; *Spiller v. Continental Tube Co.,* 95 Ill.2d 423, 447 N.E.2d 834, 69 Ill.Dec. 399 (1983). *Cf.*

---

1. The statute applies only when there has been a state judicial proceeding, *McDonald v. West Branch,* 466 U.S. 284, 104 S.Ct. 1799, 80 L.Ed.2d 302 (1984), although in appropriate circumstances a court may also find an action precluded by the decision of a state administrative agency acting in a judicial capacity (called "administrative collateral estoppel"). *Buckhalter v.*

*Pepsi-Cola General Bottlers, Inc.,* 768 F.2d 842 (7th Cir.1985). We need not find whether those circumstances are present in this case, however, since C.F. Industries appealed the administrative award to a state trial court, thereby implicating section 1738. *Kremer,* 456 U.S. at 467, 102 S.Ct. at 1890.

A. Vestal and M. Hill, *Preclusion in Labor Controversies,* 35 Okla.L.Rev. 281 (1982). In the case at bar, both a party and the claim are different. The first action was between C.F. Industries and the Illinois Department of Labor, over an award of unemployment compensation to Kendall. The present action is between Kendall and C.F. Industries, on a claim of age discrimination.

The present case at least presents an opportunity for the application of issue preclusion. An issue of fact or law may be precluded when it has actually been litigated and its · determination was essential to the prior judgment. *Casson v. Nash,* 54 Ill.App.3d 783, 370 N.E.2d 564, 12 Ill.Dec. 760 (1st Dist.1977). The issue of Kendall's misconduct was contested at the Department of Labor hearing. It was essential, since Kendall could not have received unemployment compensation if C.F. Industries had proved misconduct. Illinois has found collateral estoppel effect not only in judgments affirming administrative determinations but in administrative determinations themselves—even those from another state. *Raper v. Hazelett & Erdal,* 114 Ill.App.3d 649, 449 N.E.2d 268, 70 Ill.Dec. 394 (1st Dist.1983); *cf. Unger v. Consolidated Foods Corp.,* 693 F.2d 703 (7th Cir. 1982).

However, issue preclusion, or collateral estoppel, involves considerations of fairness to the party against whom it is applied.[2] Illinois does not use issue preclusion where it would "result in an injustice to the party against whom it is asserted under the circumstances of the case. Collateral estoppel is not a rigid doctrine and should be applied only as fairness and justice require under the circumstances of each case." *Fred Olson Motor Service v. Container Corp.,* 81 Ill.App.3d 825, 830, 401 N.E.2d 1098, 1101–1102, 37 Ill.Dec. 5, 8–9 (1st Dist.1980). *See also Jones,* 757 F.2d at 885; *Redfern v. Sullivan,* 111 Ill. App.3d 372, 444 N.E.2d 205, 67 Ill.Dec. 166 (4th Dist.1983); *Rotogravure Service, Inc. v. Borrowdale,* 77 Ill.App.3d 518, 395 N.E.2d 1143, 32 Ill.Dec. 762 (1st Dist.1979).

Fairness concerns apply with particular force here since plaintiff is using issue preclusion offensively.[3] In general, offen-

**2.** *Res judicata* and collateral estoppel are intended to prevent parties from being exposed to multiple lawsuits, avoid inconsistent decisions and conserve judicial resources. *Allen,* 449 U.S. at 94, 101 S.Ct. at 414; *Montana v. United States,* 440 U.S. 147, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979). Even in cases of claim preclusion, fairness concerns occasionally take precedence over these policies. Particular facts and circumstances may require exceptions to the general rule. *Patzer v. Board of Regents,* 763 F.2d 851, 856 (7th Cir.1985) (Title VII claim had not merged into state court judgment affirming state agency finding of employment discrimination). Cases of issue preclusion require even more attention to the rights of the parties. When the prior action was between the same parties, each party will normally have had the opportunity and the incentive to litigate all issues against the other. Also, when the cause of action in the prior judgment was the same, so normally were the standards of substantive law, procedure and evidence. Neither is necessarily true when a party or the action was different. An issue may take on greater importance with the second party than it had in the first, or the nature of the action may not have given the same opportunity to litigate the issue. Application of issue preclusion thus depends far more on the exercise of the court's equitable discre-

tion than claim preclusion. *Parklane Hosiery Co., Inc. v. Shore,* 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979); *Parks v. Pavkovic,* 753 F.2d 1397 (7th Cir.1985).

**3.** Offensive issue preclusion, or offensive collateral estoppel, occurs when a plaintiff not a party to a prior judgment nevertheless asserts it in an attempt to win against a defendant who has previously lost on the issue to someone else. Historically, collateral estoppel, like *res judicata,* required "mutuality": it applied only between the parties to the former adjudication or to those in privity with them. Illinois, following the modern trend, no longer requires mutuality in all cases. *Illinois State Chamber of Commerce v. Pollution Control Board,* 78 Ill.2d 1, 398 N.E.2d 9, 34 Ill.Dec. 334 (1979). However, Illinois courts must make a more careful and sensitive inquiry into the appropriateness of issue preclusion when mutuality is not present. *Coulter v. Renshaw,* 94 Ill. App.3d 93, 418 N.E.2d 489, 49 Ill.Dec. 635 (2d Dist.1981). In particular, the cases distinguish between defensive and offensive issue preclusion. When a defendant asserts collateral estoppel to bar litigation of an issue by a plaintiff who has already failed to carry his burden of proof on it against someone else, the policy goals such as preventing multiple lawsuits and

sive collateral estoppel has a greater potential for unfairness, and Illinois courts have rarely allowed it. *Fred Olson,* 81 Ill. App.3d at 830–831, 401 N.E.2d at 1102, 37 Ill.Dec. at 9; *Fearon v. Mobil Joliet Refining Corp.,* 131 Ill.App.3d 1, 475 N.E.2d 549, 86 Ill.Dec. 335 (1st Dist.1984); *Kemling v. Country Mutual Insurance Co.,* 107 Ill. App.3d 516, 437 N.E.2d 1253, 63 Ill.Dec. 331 (2d Dist.1982). Kendall was not a party to the prior judgment and so is asserting offensive collateral estoppel in this action. In these circumstances that distinction may be somewhat technical, since the prior proceedings were about Kendall and the award went to Kendall. However, Kendall is also trying to use the prior judgment to recover again from a defendant who has previously lost. In a closely analogous situation, an Illinois court denied issue preclusion. *Godare v. Sterling Steel Casting Co.,* 103 Ill.App.3d 46, 430 N.E.2d 620, 58 Ill.Dec. 588 (5th Dist.1981). Godare, the plaintiff, had previously been found totally and permanently disabled for recovery under the Workmen's Compensation Act. As in the case at bar, his employer had appealed the administrative determination and lost. *Sterling Steel Casting Co. v. Industrial Commission,* 74 Ill.2d 273, 384 N.E.2d 1326, 24 Ill.Dec. 168 (1979). The court refused to let Godare use that judgment to preclude the issue of his total disability in an action for pension benefits under a collective bargaining agreement. *Godare,* 103 Ill.App.3d at 51–52, 430 N.E.2d at 623–624, 58 Ill.Dec. at 591–592. Illinois collateral estoppel law thus requires us to be alert for unfairness to the defendant even when plaintiff was involved in the prior hearing.

In light of these concerns this court does not think that Illinois would use the prior judgment as a bar to defendant's allegations of Kendall's misconduct in the present case. Under Illinois law an issue is precluded only when it is identical to one previously adjudicated, when the preclusion is asserted against a party to the prior action or one in privity with him, when that party had a full and fair opportunity to litigate the issue in the prior proceeding, and when the former suit went to a final judgment on the merits. *Raper,* 114 Ill. App.3d at 652, 449 N.E.2d at 270–271, 70 Ill.Dec. at 396–397. When plaintiff is using issue preclusion offensively, the court must be highly sensitive to these factors, making intensive inquiry into the facts and circumstances of both past and present litigation. Notably, the court must be certain that the issue is truly identical, *Hassett Storage Warehouse v. Board of Election Commissioners,* 69 Ill.App.3d 972, 387 N.E.2d 785, 25 Ill.Dec. 909 (1st Dist.1979), and that defendant has no opportunities for litigating the issue available to him in the second action which were not available in the first. *Fred Olson,* 81 Ill.App.3d at 831, 401 N.E.2d at 1102, 37 Ill.Dec. at 9; *Fearon,* 131 Ill.App.3d at 7, 475 N.E.2d at 554, 86 Ill.Dec. at 340. Plaintiff's attempt to use issue preclusion here cannot pass those tests.

The issue of Kendall's misconduct as a possible legitimate nondiscriminatory reason for his discharge in an ADEA suit is not identical to the issue of his misconduct as grounds for denying him unemployment compensation. In Illinois, when different standards are applied to the same facts in reaching a legal conclusion, the issues are not identical for purposes of issue preclusion. *Godare,* 103 Ill.App.3d at 51, 430 N.E.2d at 623, 58 Ill.Dec. at 591. *Cf. Ross,* 759 F.2d at 362 (applying same principle in Maryland law to differences between unemployment compensation and Title VII); *Brady v. Thurston Motor Lines,* 753 F.2d 1269 (4th Cir.1985) (standard of voluntary termination for state unemployment com-

conserving judicial resources are usually served. The same is not true of offensive collateral estoppel. It does not encourage the conservation of judicial resources and may in fact induce multiple lawsuits. Courts should allow it only after careful consideration of all the facts and circumstances. *Parklane Hosiery,* 439 U.S. at

329–331, 99 S.Ct. at 650–651. The Supreme Court has not yet considered offensive collateral estoppel in the context of a discrimination suit. *Allen, supra,* and *Kremer, supra,* involved the defensive use of issue preclusion. The Seventh Circuit recently rejected an attempt to use it: *Parks,* 753 F.2d at 1404.

pensation found inappropriate to determining whether termination was voluntary for purposes of backpay award in employment discrimination suit); Vestal and Hill, *supra,* at 361. One ground for the denial of collateral estoppel in *Godare* was a difference in standards. For workmen's compensation, the standard for total disability was inability to perform services for which a reasonably stable market existed; for the pension agreement, it was inability to engage in any occupation or employment. The variation meant that the issues were not identical. 103 Ill.App.3d at 51–52, 430 N.E.2d at 623–624, 58 Ill.Dec. at 591–592.

The difference in standards in the matter before this court is, if anything, greater. In order to block an award of unemployment compensation, an employer must show that the employee's misconduct was in wanton or wilful disregard of the employer's interests. Ordinary negligence or errors in judgment do not suffice; the employer must show a deliberate violation of the employer's rules or negligence manifesting an intent to disregard employee responsibilities. *Winklmeier v. Board of Review,* 115 Ill.App.3d 154, 450 N.E.2d 353, 70 Ill.Dec. 880 (5th Dist.1983). The standard for misconduct as a legitimate nondiscriminatory reason for a discharge would be far lower. Any lawful reason for a discharge meets defendant's burden of production in an ADEA suit, including personality conflicts and lack of communication. *LaMontagne,* 750 F.2d at 1409, 1414; *Parker,* 741 F.2d at 979. In the words of *Godare,* "when these different standards are applied to the same facts, the same conclusion will not necessarily be reached." 103 Ill.App.3d at 51, 430 N.E.2d at 634, 58 Ill.Dec. at 592.

Similarly, C.F. Industries did not have an opportunity to litigate the issue on the same terms in which it appears in the present litigation. In Illinois, where the second action uses procedures or evidence not available in the first, issue preclusion should not apply. In *Godare,* a second ground for the denial of collateral estoppel was a difference in evidence permissible in the two proceedings. The administrative

hearing allowed evidence of plaintiff's age, experience and employment capabilities, as well as medical testimony, whereas under the terms of the pension agreement only medical opinions could be heard. 103 Ill. App.3d at 51–52, 430 N.E.2d at 624, 58 Ill.Dec. at 592. In *Fred Olson,* preclusive effect was denied because the Dead Man's Act limited the available evidence in the first action but not in the second. 81 Ill. App.3d at 831, 401 N.E.2d at 1102, 37 Ill. Dec. at 9. Again, the difference in opportunities between the two actions in the matter before us is, if anything, greater than in these Illinois precedents. In the unemployment compensation proceedings C.F. Industries had the burden of proof for its assertion of misconduct. *Be-Mac Transport Co., Inc. v. Grabiec,* 20 Ill. App.3d 345, 314 N.E.2d 242 (1st Dist.1974). In this ADEA action, however, they would have merely a burden of production: an articulation by admissible evidence of a legitimate nondiscriminatory reason, in order to carry the case forward. *LaMontagne,* 750 F.2d at 1409; *Burdine,* 450 U.S. at 254–255, 101 S.Ct. at 1094. Judging from materials submitted for this motion, defendant can meet this far lesser burden. Under Illinois law he should not be precluded from the attempt.

The different standards and opportunities relate to the differing policy considerations served by these two proceedings, which also make this case inappropriate for issue preclusion. Where the two actions provide truly different remedies promoting distinct policies, issues and opportunities to litigate ordinarily will not be identical and collateral estoppel usually should not apply. *Ross,* 759 F.2d at 362; *In re Wheat Rail Freight Rate Antitrust Litigation No. MDL 534,* 579 F.Supp. 517, 542 (N.D. Ill.1984). This consideration applies with particular force when administrative proceedings designed to enforce specific statutory goals are involved. Collateral estoppel was appropriate in *Kremer* because the state court judgment affirmed a "human rights agency which was charged with responsibility for the very subject matter the

plaintiff wanted to raise in federal court, employment discrimination." *Jones,* 757 F.2d at 886. Both the agency and the federal statute served the same policy goals. In *Jones,* however, the agency finding of misconduct came from a civil service commission concerned with sufficient cause for a discharge. The court found that Illinois law would not cut off litigation of the issue of employment discrimination on the basis of a decision from an agency not primarily concerned with discrimination. 757 F.2d at 882, 886. *Compare Rosenfeld v. Department of Army,* 769 F.2d 237 (4th Cir.1985) (Civil Service Commission finding of disability as reason for discharge did not estop plaintiff from alleging age discrimination as reason in ADEA suit); *Ross,* 759 F.2d at 361–362; *Brady,* 753 F.2d at 1277; Vestal and Hill, *supra,* at 323–327.

In the present case plaintiff seeks to apply issue preclusion from a proceeding serving one distinct policy to an action on another. Unemployment compensation is intended to ease burdens on unemployed workers and the law is interpreted with this policy goal in mind. Ill.Rev.Stat. ch. 48, ¶ 300 (1985); *Be-Mac,* 20 Ill.App.3d at 358, 314 N.E.2d at 249; *Huggins v. Board of Review,* 10 Ill.App.3d 140, 294 N.E.2d 32 (1st Dist.1973). The ADEA prohibits discharge of workers on the basis of their age, as one aspect of preventing age discrimination in employment, and should be interpreted with that policy goal in mind. 29 U.S.C. § 623(a); *Thurston,* 469 U.S. at ——, ——, 105 S.Ct. at 621, 624; *Lorillard v. Pons,* 434 U.S. 575, 98 S.Ct. 866, 55 L.Ed.2d 40 (1978). Age discrimination was not, and could not have been, litigated in the unemployment proceeding. Yet, thanks to the *McDonnell-Douglas* proof structure, that proceeding would control the outcome of this age discrimination suit if issue preclusion is applied. Considering all the circumstances of this attempt to use collateral estoppel offensively, including the difference in issues, the difference in the burden placed on defendant, and the difference in policy goals, this court declines to apply issue preclusion.

## III. THE MOTIONS

■ The analysis now may turn to the cross-motions for summary judgment. To succeed at summary judgment, a movant must show the absence of any genuine issue of material fact. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144 (1970). If C.F. Industries can present evidence tending to show Kendall's alleged misconduct, then the question of whether Kendall indeed engaged in misconduct becomes a disputed issue of material fact. Further, for summary judgment, inferences must be drawn in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.,* 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). The evidence must therefore be construed favorably to C.F. Industries for the purposes of Kendall's motion, and favorably to Kendall on C.F. Industries' motion. As a result, neither motion can be granted.

For the purposes of Kendall's motion, the existence even of a *prima facie* case becomes a disputed issue. The depositions filed by defendant serve as evidence in support of the allegations of misconduct. The treasurer's office stood very close to Kendall's, and testimony indicates that he visibly worked on school board matters there on several occasions. Construing that evidence most favorably to C.F. Industries, Kendall's failure to stop such a misuse of company resources was misconduct, and misconduct can be viewed as a failure to perform up to his employer's legitimate expectations. The misconduct would also function as a legitimate nondiscriminatory reason for Kendall's termination. Kendall's motion therefore must be denied.

Considered most favorably to Kendall for the purposes of C.F. Industries' motion, however, the evidence also prevents summary judgment for the employer. To prevail, C.F. Industries must show that there is no evidence, not even circumstantial evidence, from which a trier of fact could reasonably infer that age was a determining factor in Kendall's discharge. *Parker,* 741 F.2d at 980. A prior judgment which is

not given preclusive effect may nevertheless be admitted as evidence in the second proceeding. The court, in its discretion, determines the weight to be given such a decision in light of the facts and circumstances of the case. *Ross*, 759 F.2d at 363. *See also McDonald*, 466 U.S. at 292 n.13, 104 S.Ct. at 1804 n. 13; *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 743–744 n. 22, 101 S.Ct. 1437, 1446 n. 22, 67 L.Ed.2d 641 (1981); *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 60 n. 21, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974). Kendall argues that he could not have been fired for misconduct, and an Illinois unemployment referee, affirmed by an Illinois court, agreed with him. Construing that evidence in Kendall's favor, there was no misconduct. Kendall therefore has a *prima facie* case for purposes of this motion. He was in the protected class, performing satisfactorily, discharged and replaced by a younger person.

Defendant, of course may respond to that *prima facie* case by asserting the alleged misconduct as a legitimate nondiscriminatory reason. The same judgment, however, serves as evidence that the reason was a pretext. In an age discrimination suit, "determining factor" does not mean sole factor. For example, if a younger man would have survived a similar incident, then Kendall would not have been discharged "but for" his age, and he is a victim of age discrimination. *LaMontagne*, 750 F.2d at 1409; *Loeb v. Textron, Inc.*, 600 F.2d 1003 (1st Cir.1979). With the *McDonnell-Douglas* indirect method of proof a victim of age discrimination may "prevail without presenting *any* evidence that age was a determining factor in the employer's motivation." *LaMontagne*, 750 F.2d at 1409–1410 (emphasis in original). Instead, he may win by eliminating the claimed lawful motivation. He may show that the defendant's reason has no basis in fact or did not motivate the discharge, or was insufficient to have motivated the discharge. *Id.* at 1414–1415.

Viewed in the light most favorable to Kendall, the judgment, along with Kendall's testimony, says that he was not fired for misconduct. A trier of fact could reasonably infer that the incident was trivial and merely a pretext to move Kendall out for someone younger. In short, from the point of view of this motion as well, the reason for Kendall's discharge is still a disputed issue of material fact. *Cf. Maxfield v. Central States, Southeast and Southwest Areas Health, Welfare and Pension Funds*, 559 F.Supp. 158 (N.D.Ill. 1982). Defendant's motion for summary judgment must also be denied.

## CONCLUSION

Plaintiff's motion for summary judgment and defendant's motion for summary judgment are both denied.